LEMMON, Judge.
Noel J. Rada was involved in an automobile accident in the City of New Orleans on December 13, 1967 with a vehicle driven by Vincent Perron and allegedly owned by Geigy Chemical Corporation, Perron’s employer. Geigy filed a suit to recover the expenses that it incurred because of damage to the automobile. Rada answered and reconvened for the damages and personal injuries that he sustained. After a trial on the merits, the trial court rendered a judgment in favor of Geigy, awarding $968.61 for property damage to the automobile and $102.52 for automobile rental while the damaged vehicle was out of service, and dismissing Rada’s reconventional demand. Rada has appealed devolutively.
As to negligence, Rada testified that he was driving on South Dupre Street and stopped for the stop sign controlling the intersection with Tulane Avenue. Looking and seeing no oncoming traffic, he pro-, ceeded onto Tulane Avenue and struck the vehicle driven by Perron. Rada did not see the Perron vehicle until the collision.
It is apparent that Rada violated R.S. 32:123, subd. B and § 38-97 of the New Orleans City Code, 1956. Although he stopped, he failed to yield the right of way to an oncoming vehicle which constituted an immediate hazard. Perron veered to his left, but was unable to avoid the collision. We find no evidence of any negligence on the part of Perron, and we conclude that Rada’s negligence was the sole cause of the accident.
Rada next contends that Geigy offered insufficient proof in support of its claim for damages. Perron testified that, upon instructions from Geigy, he took the damaged vehicle to Bryan Chevrolet, who accomplished the repairs. Bryan’s accountant identified the itemized repair bill and testified that Geigy paid the amount of the bill. Rada argues that this proof is insufficient, since the accountant did not make the estimate of the repairs or have any knowledge as to how the damages occurred. However, the trial judge accepted Perron’s testimony that the car was only three weeks old and that all the damages were incurred in the collision. We believe that this testimony, combined with the documentary evidence of the repairs, is sufficient to support the conclusion of the trial judge that the repairs performed by Bryan were necessitated by Rada’s negligence.
However, as to the amount awarded for car rental, we believe that the proof was inadequate. Perron testified that he rented automobiles from Hertz to attend a series of meetings over an eight week period, paying about $900.00 for the entire cost of lease. (The petition claimed $102.52, the amount of the trial court award.) No can-celled check, receipted bill or any other evidence whatsoever was submitted in support of the claim for this item, and there was no explanation why documentary proof was not available. We conclude that the trial court erred in making this award on the evidence presented.
Finally, citing C.C.P. art. 681[1], Rada contends that Geigy was not the owner of *281 the automobile, as alleged in its petition, and was therefore not entitled to recover any damages in this suit. At trial Rada filed into evidence a certificate of passenger car registration, which listed the D. L. Peterson Trust as the owner of the vehicle in question. The certificate was signed by Perron, who testified that he signed the registration certificate at the sales office when the car was purchased. He testified that Geigy assigned the vehicle to him for use in his work and that the D. L. Peterson Trust is “where Geigy gets their automobiles for their salesmen.”
At the commencement of the trial Rada orally contended that Geigy was not the owner of the automobile and therefore had no right of action in this suit. The trial judge refused to consider any exception not in writing.
A plaintiff must prove that he has some interest in prosecuting the suit in order to establish his right to recover damages. This interest must be proved just as any other essential allegation of the petition. Scott v. Ware, 160 So.2d 237 (La.App. 2 Cir. 1964). While generally a suit should be dismissed when a claimant fails to prove an essential element of his right to recovery, Geigy did prove all of the major elements, including proof that it paid the amount of the damages awarded by the trial court. This payment indicates the probability that Geigy was in some way responsible to pay for the damage, but testimony that Peterson provided the vehicles used by Geigy’s salesmen is not sufficient proof of this legal responsibility.
Since a legal relationship between Geigy and Peterson was indicated and payment by Geigy was proved, we believe that substantial justice would best be accomplished by remanding this case for the sole purpose of allowing introduction of evidence of the relationship that gave rise to Geigy’s status in this suit.[2] This remand will prevent Rada from being subject to another suit for the same damages by the title owner of the automobile, and will also allow the party who suffered financial injury because of Rada’s negligence to be reimbursed for its expenses incurred because of that negligence. Since the case has been fully tried on its merits and correctly decided in our opinion, we hesitate to dismiss an otherwise meritorious suit for a somewhat technical failing which is not directly related to the substantive issues of the case.
Accordingly, the judgment of the trial court is set aside, and the case is remanded solely for the purpose of introduction by Geigy Chemical Corporation of evidence that it has an actual interest in prosecuting the suit, judgment to be rendered in accordance with the opinion herein expressed.
Set aside and remanded.

. C.C.P. art. 681 reads :
“Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts.”

. C.C.P. art. 2164 provides in pertinent part:
“The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. * * *”