509 So.2d 24 (1987)
T. Frank SMITH
v.
The PARISH OF EAST BATON ROUGE, Louisiana, and the East Baton Rouge Sewerage Commission.
No. CA 86 1685.
Court of Appeal of Louisiana, First Circuit.
May 27, 1987.
Writ Granted July 1, 1987.
*25 Stephen M. Irving, Baton Rouge, for plaintiff-appellant T. Frank Smith.
Victor A. Sachse, III, Baton Rouge, for defendant-appellee Parish of East Baton Rouge, et al.
Micheal R. Connelly, Baton Rouge, for intervenor-appellee Walter Penny.
Before GROVER L. COVINGTON, C.J., and LANIER and ALFORD, JJ.
LANIER, Judge.
This is a suit seeking to determine the validity of revenue bonds intended to finance the construction and acquisition of capital improvements to the sewerage system of East Baton Rouge Parish and, if the bonds are determined to be invalid, to enjoin their sale and delivery. The plaintiff[1] contends the bonds are invalid because (1) parish general funds will be used to finance the bonds, (2) parish general funds cannot be dedicated for more than ten years and these are forty year bonds, (3) the dedication of parish general funds for forty years is an impermissible restriction on the power of the parish governing authority to appropriate its revenues, and (4) general revenue funds consist primarily of sales and property taxes, and such monies cannot be dedicated to secure the payment of bonds without a vote of the people. The trial court dismissed the suit because it determined the bonds were legally valid and because the plaintiff did not prove his standing to bring the suit. The plaintiff took this appeal. The defendants filed a motion to dismiss the appeal because the plaintiff's appellate brief was not timely filed pursuant to La.R.S. 13:5128.

FACTS
On May 15, 1985, the East Baton Rouge Parish Metropolitan Council (Council), in its capacity as the governing authority of the City of Baton Rouge (City), the Parish of East Baton Rouge (Parish) and the Greater Baton Rouge Consolidated Sewerage District (District) adopted Ordinance 7853, authorizing the levy and collection of sewer user fees from all residential and business users of the sewerage system serving the Parish. Under Ordinance 7853, the revenues collected from the user fees could be used to pay the "cost of administration, operation, maintenance, depreciation, replacement, extension and improvement of the Sewerage System, including any payments required by the provisions of any resolution authorizing the issuance of sewerage revenue bonds."
On October 8, 1986, by Resolution 25577, the Council, again acting as the governing authority of the City, the Parish and the District, approved an Intergovernmental Agreement by and among the City, the Parish and the District, pursuant to which the East Baton Rouge Sewerage Commission (Commission) was created, and the Council named itself the governing authority of the Commission. Under the Intergovernmental Agreement, the Council authorized the newly created Commission to "construct, acquire, extend, improve, use, operate and maintain" the sewerage system of the Parish and "receive and dispose of the revenues of the System." The Intergovernmental Agreement also authorized the Commission to issue revenue bonds to pay the cost of construction and acquisition of certain major capital improvements to the sewerage system of the Parish. The Intergovernmental Agreement obligates the Parish to continue to operate and maintain the sewerage system for a period of forty years. In addition to the Parish's obligations to operate, maintain and improve the sewerage system on behalf of the Commission, the Intergovernmental Agreement also obligates the Parish, for the forty year term of the contract, to annually appropriate and pay $8,000,000 of *26 the costs of operation and maintenance of the sewerage system.
On the same day it adopted Resolution 25577, the Council, in its capacity as the governing body of the Commission, adopted a resolution authorizing the issuance of sewer revenue bonds, not to exceed $60,000,000, maturing in annual installments of principal over a period of twenty-five years and payable from, and secured by, a "pledge of and a lien upon, that portion of the Gross Revenues which shall remain after paying the cost of operation and maintenance of the System." By a supplemental resolution of October 15, 1986, the Council, as governing body of the Commission, authorized the actual sale of $55,000,000 of sewerage revenue bonds.
This suit was filed by T. Frank Smith on November 13, 1986, against the Parish and the Commission.

MOTION TO DISMISS THE APPEAL
The defendants-appellees, Parish and Commission, moved to dismiss the appeal, contending the plaintiff's appellate brief was not timely filed by January 2, 1987, as required by La.R.S. 13:5128.
The dates, which are pertinent to rule on this motion, are as follows:
(1) December 12, 1986judgment rendered and signed in the trial court;
(2) December 18, 1986petition for appeal filed in trial court;
(3) January 1, 1987a Thursday and the twentieth day after the judgment in the trial court was rendered and signed;
(4) January 2, 1987a Friday which was declared a legal holiday, pursuant to an executive order authorized by La. R.S. 1:55(B)(3); and
(5) January 5, 1987a Monday and the day on which the plaintiff's appellate brief was filed in this court.
La.R.S. 13:5121 et seq. provides for a special, expedited procedure for determining the validity of governmental bonds. La.R.S. 13:5128 provides, in pertinent part, as follows:
From the final judgment of the court an appeal shall lie to the supreme court where permitted by the constitution or laws of this state, otherwise to the court of appeal. No such appeal shall be allowed unless the petition therefor be filed within ten days from the date on which the judgment of the court is entered and only if the party taking the appeal has the record certified to the proper appellate court and his brief filed therein within twenty days from the date on which the judgment of the court is entered, or such shorter time as may be required by the appellate court. If the appeal be timely and otherwise in conformity herewith and if the appellate court allows the same it shall be given preferential docketing. [Emphasis added.]
La.C.C.P. art. 5059 provides, in pertinent part, as follows:
In computing a period of time allowed or prescribed by law or by order of court, the date of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday.
A half-holiday is considered as a legal holiday.
La.R.S. 1:55(B)(3) provides, in pertinent part, as follows:
B. Legal holidays shall be observed by the departments of the state as follows:
....
(3) The governor, by executive proclamation, may authorize the observance of such other holidays and half-holidays as he may deem in keeping with efficient administration.
La.R.S. 1:55(E)(1) and (3) provide, in pertinent part, as follows:
E. (1) Each clerk of a district court, parish court, and city court shall close his office on the following days: New Year's Day, January 1; ... and New Year's Eve Day, December 31. Whenever New Year's Day, the Fourth of July, or *27 Christmas Day falls on a Saturday, the preceding Friday shall be a holiday. Whenever New Year's Day, the Fourth of July, or Christmas Day falls on a Sunday, the following Monday shall be a holiday....
....
(3) Only the enumerated holidays in Paragraph (1) of this Subsection, days of closure under Paragraph (2) of this Subsection, Mardi Gras only in those parishes in which the governing authority of the parish declares a holiday under authority of Subsection A(3) of this Section, and all Saturdays and Sundays shall be considered as legal holidays for the purposes of Article 5059 of the Louisiana Code of Civil Procedure.
The plaintiff contends La.R.S. 1:55(B)(3) is controlling; January 2, 1987, was a legal holiday by executive proclamation; and his brief was timely filed on January 5, 1987, the next day which was not a legal holiday after January 1, 1987. The defendants-appellees contend La.R.S. 1:55(E)(1) and (3) are controlling; January 2, 1987, was not a legal holiday; and the plaintiff's brief was not timely filed.[2]
The histories of La.R.S. 1:55(B)(3) and 1:55(E)(1) and (3) show how they should be interpreted. La.R.S. 1:55(B)(3) predates the Louisiana Constitution of 1974 and La.R.S. 1:55(E)(1) and (3). Under the Louisiana Constitution of 1921, the powers of state government were divided among three departments: the legislative (La. Const. of 1921, art. III), the executive (La. Const. of 1921, art. V) and the judicial (La. Const. of 1921, art. VII). La. Const. of 1921, art. II. Thus, La.R.S. 1:55(B)(3), as it existed under the Louisiana Constitution of 1921, gave the governor the power to declare legal holidays for the legislative, executive and judicial departments of state government. With the advent of the Louisiana Constitution of 1974, the word branches was substituted for the word departments. La. Const. of 1974, arts. II, III, IV and v.[3] However, the word departments in La.R.S. 1:55(B) was not changed to branches, even though La.R.S. 1:55(B) has been amended since the 1974 constitution went into effect. From this, we conclude La.R.S. 1:55(B)(3) presently gives the governor the power to declare legal holidays for the legislative, executive and judicial branches of state government.
Paragraph (E) was added to La.R.S. 1:55 by Act 72 of 1976. It initially provided as follows:
Each district court and each clerk of a district court shall close on New Year's Day, January 1; Washington's Birthday, the third Monday in February; Good Friday; Memorial Day, the last Monday in May; Fourth of July; Labor Day, the first Monday in September; All Saints' Day, November 1; Veterans' Day, November 11; Thanksgiving Day, the fourth Thursday of November; and Christmas Day. Whenever New Year's Day, Fourth of July, or Christmas Day falls on a Saturday, the preceding Friday shall be a holiday. Whenever New Year's Day, Fourth of July, or Christmas Day falls on a Sunday, the following Monday shall be a holiday.
The apparent purpose of this legislation was to provide district courts and their clerks with a specific list to follow for legal holidays. The reason for this is that La.R.S. 1:55(A) through (D) is a very complex statute. See Appendix A attached hereto. Although the district courts are a part of the judicial branch of state government, they obviously do not constitute all of the judicial branch of state government. Paragraph (E), as initially enacted, only applied to district courts, and did not apply to other courts in the judicial branch (such as the Courts of Appeal). By Act 163 of 1978, the following language was added to Paragraph (E).
Only these enumerated holidays, and all Saturdays and Sundays, shall be considered as legal holidays for the purposes *28 of Article 5059 of the Louisiana Code of Civil Procedure.
Since Paragraph (E) was not subdivided at this time, this new language only applied to district courts. By Act 627 of 1982, Paragraph (E) was made applicable to city and parish courts, as well as district courts. The title of Act 627 provided as follows:
To amend and reenact R.S. 1:55(E), relative to the holidays for the clerks of parish and city courts, to provide that they shall have the same holidays as the clerks of district courts, and otherwise to provide with respect thereto. [Emphasis added.]
Paragraph (E) was subdivided into three paragraphs by Act 464 of 1984. The title of Act 464 was as follows:
To amend and reenact R.S. 1:55(E), relative to legal holidays and half-holidays, to provide relative to legal holidays for clerks of the districts, parish, and city courts for days on which the clerk closes his office due to certain hazardous conditions; to provide for public notice of such closings, and otherwise to provide with respect thereto.
Act 464 put the language pertaining to La.C.C.P. art. 5059 in Paragraph (E)(3). This legislative history of Paragraph (E) clearly shows that Paragraph (E) is only applicable to district, parish and city courts.
Paragraph (E) was not intended to affect the Courts of Appeal. Except for district, parish and city courts, Paragraph (B)(3) is not limited by Paragraph (E) in its application to the judicial branch of the state. Since La.R.S. 13:5128 requires the brief to be filed in "the proper appellate court", the law applicable to that appellate court, Paragraph (B)(3), is controlling on the timeliness issue herein. The law applicable to the district court, Paragraph (E)(1) and (3), is not controlling. Since January 2, 1987, was a legal holiday in this court, the plaintiff had until January 5, 1987, to file his brief. The brief was timely filed.
The motion to dismiss the appeal is without merit.

SUFFICIENCY OF EVIDENCE OF PLAINTIFF'S INTEREST IN ACTION

(Assignment of Error Number VI)
The plaintiff contends the trial court committed error by holding he failed to establish his standing to bring this suit.
The plaintiff alleges the following facts in Paragraph 1 of his petition:
Plaintiff-mover is a resident of the Parish of East Baton Rouge, Louisiana, who uses the sewerage system of the Parish and pays on a monthly basis sewer user fees for such usage, is a duly registered voter of the State of Louisiana, qualified and registered to vote in the Parish of East Baton Rouge, and is a property owner and taxpayer in the Parish of East Baton Rouge.
The defendants denied these allegations. No evidence was presented at the trial to prove these facts. In his oral reasons for judgment, the trial court judge observed that "standing certainly is a necessity before a person can bring a lawsuit" and held "inasmuch as there has been no evidence of standing, that would be a second reason to deny the ... petition." Apparently, no attempt was made in the trial court to reopen the case to present proof of standing.
It is hornbook law that, as a general rule, a plaintiff in a civil action bears the burden of proving each of the elements of his claim by a preponderance of the evidence. To have standing to sue, the plaintiff must assert (and prove) an adequate interest in himself, which the law recognizes, against a defendant having a substantial adverse interest. Terrebonne Parish Police Jury v. Matherne, 405 So.2d 314 (La.1981). In Producing Manager's Company, Inc. v. Broadway Theater League of New Orleans, Inc., 288 So.2d 676, 679 (La.App. 4th Cir.1974), appears the following:
The law is clear and well settled that an action can only be brought by a person having a real and actual interest in that which he asserts.... A plaintiff must prove that he has some interest in prosecuting the suit in order to establish *29 his rights to recover damages, just as he must prove any other essential allegation of the petition.... Thus, if plaintiff fails to prove his interest to the Court's satisfaction, his suit will generally be dismissed for failure to prove an essential element of his right to recovery.
See also La.C.C.P. art. 681; Geigy Chemical Corporation v. Rada, 264 So.2d 279 (La.App. 4th Cir.1972). As previously indicated, the plaintiff has failed to prove his standing to bring this suit. The trial court ruling on this issue is correct.
The plaintiff asserts that, if there is a question about proof of his standing to bring this action, the proper thing for this court to do is to remand this case to the trial court to give him "an opportunity to produce evidence establishing standing." The law generally applicable to remands for additional evidence is set forth in Winn State Bank & Trust Company v. Browning, 453 So.2d 286, 292 (La.App. 2nd Cir. 1984), as follows:
La.C.C.P. Art. 2164 provides that an "... appellate court shall render any judgment which is just, legal and proper upon the record on appeal.' It is well settled that an appellate court is empowered under this article to remand a case to the trial court for the taking of additional evidence where it is necessary to reach a just decision and to prevent a miscarriage of justice....
`Although a court should always remand a case whenever the nature and extent of the proceedings dictate such a course ... whether or not any particular case should be remanded is a matter which is vested largely within that court's discretion and such power to remand should be exercised only according to the peculiar circumstances presented in each individual case.'

Jones v. LeDay, 373 So.2d 787 (La. App. 3d Cir.1979) at p. 789, and cases cited therein.
However, while the appellate court is empowered to remand a case for the introduction of additional evidence, this procedure must be sparingly exercised.
The legislative intent of La.R.S. 13:5121 et seq. is set forth in La.R.S. 13:5122 as follows:
It is hereby declared that it is the intention of the legislature in enacting this law to provide a uniform, expeditious and equitable procedure with due regard for the public fisc and rights of persons in interest for the judicial determination of the validity of bonds and related proceedings where material and substantial questions with regard thereto are involved or a judicial determination of issues relating to bonds is necessary to insure the marketability of bonds in investment channels. [Emphasis added.]
When an action is filed contesting the validity of governmental bonds, the court must order publication of the suit two times within a period of 15 consecutive calendar days and must fix a hearing within not less than 10 nor more than 13 days after the second publication. La.R.S. 13:5125. Any defendant to the action may answer within 7 days after the second publication; the trial court is directed to render a final judgment with the least possible delay and, to the extent possible, shall render such judgment within 10 days after the hearing is concluded. La.R.S. 13:5126. An appeal to a court of appeal must be filed within 10 days of the entry of judgment in the trial court; the record must be certified to the court of appeal and the appellant's brief filed within 20 days of the entry of judgment in the trial court; the appeal shall be given preferential docketing; an appeal from a judgment of a court of appeal lies to the supreme court if taken within 5 days of the decision of the court of appeal; and such appeal to the supreme court must comply with the same time limits as appeals to the courts of appeal. La.R.S. 13:5128.
We question our authority to order a remand herein. La.R.S. 13:5122 provides, in pertinent part, as follows:
All suits, actions and proceedings of whatever nature affecting the validity of bonds of any governmental unit, or the interest thereon, or the sale thereof, or the election, if any, authorizing the issuance *30 of said bonds shall be brought only in accordance with the provisions of this Title. These provisions shall supersede all other acts and statutes on the subject and be controlling in all such cases notwithstanding the provisions of any other law or charter to the contrary;...
La.R.S. 13:5125, 5126 and 5128 provide for an expedited summary disposition in the trial court and for expedited decisions in the appellate courts; these procedures do not authorize remands.[4] Accordingly, it would appear that La.C.C.P. art. 2164 and the jurisprudence on remands for taking additional evidence may not be applicable herein. However, even if we have the discretion to grant a remand, we decline to do so because the plaintiff did not seek to reopen his case to present evidence when the issue was raised in the trial court, and a remand at this stage of the proceedings is not consistent with the legislative intent of La.R.S. 13:5121 et seq.
This assignment of error is without merit, and the judgment of the trial court is correct.[5]

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed at the appellant's costs.
AFFIRMED.

APPENDIX A
§ 55. Days of public rest, legal holidays, and half-holidays
A. The following shall be days of public rest and legal holidays and half-holidays:
(1) The following shall be days of public rest and legal holidays: Sundays; January 1, New Year's Day; January 8, Battle of New Orleans; the third Monday in January, Dr. Martin Luther King, Jr.'s Birthday; January 19, Robert E. Lee Day; third Monday in February, Washington's Birthday; Good Friday; the last Monday in May, National Memorial Day; June 3, Confederate Memorial Day; July 4, Independence Day; August 30, Huey P. Long Day; the first Monday in September, Labor Day; the second Monday in October, Christopher Columbus Day; November 1, All Saints' Day; November 11, Veterans' Day; the fourth Thursday in November, Thanksgiving Day; December 25, Christmas Day; Inauguration Day in the city of Baton Rouge; provided, however, that in the parish of Orleans, the city of Baton Rouge, in each of the parishes comprising the second and sixth congressional districts, except the parish of Ascension, and in each of the parishes comprising the fourteenth and thirty-first judicial districts of the state, the whole of every Saturday shall be a legal holiday, and in the parishes of Catahoula, Caldwell, West Carroll, Concordia, East Carroll, Franklin, Madison, Morehouse, Ouachita, Richland, Tensas, Union, Jackson, Avoyelles, West Feliciana, Rapides, Natchitoches, Grant, LaSalle, Winn, Lincoln, and East Baton Rouge, the whole of every Saturday shall be a holiday for all banking institutions, and in the parishes of Sabine and Vernon each Wednesday and Saturday, from 12:00 o'clock noon until 12:00 o'clock midnight, shall be a half-holiday for all banking institutions. All banks and trust companies, however, may, each at its option, remain open and exercise all of its regular banking functions and duties upon January 8; Dr. Martin Luther King, Jr.'s Birthday; January 19; Washington's Birthday; Good Friday; National Memorial *31 Day; June 3; August 30; Christopher Columbus Day; November 1; and Veterans' Day; and all banks and trust companies located in Ward 1 of the parish of Avoyelles may, each at its option, remain open and exercise all of its regular banking functions and duties until 12 o'clock noon on Saturdays; however, when on any of said last named days any bank or trust company does actually remain open it shall, as to transactions on such day, to exactly the same extent as if such day were not otherwise a legal holiday, be not subject to any of the provisions of R.S. 7:85 and R.S. 7:251 or any other laws of Louisiana covering the matters of maturity of negotiable instruments and demand, notice, presentment, acceptance, or protest thereof on legal holidays and half-holidays, and all instruments payable to or at such bank upon such day shall become due on such day; and provided, further, that the option of remaining open shall not, except as otherwise provided in this Paragraph, apply to Saturdays or Wednesdays which are holidays or half-holidays, or to Mardi Gras when the same has been declared a legal holiday; and provided still further that nothing in any law of this state shall in any manner whatsoever affect the validity of or render void or voidable the payment, certification, or acceptance of a check or other negotiable instrument or any other transaction by a bank in Louisiana because done on any holiday or half-holiday or because done on any day upon which such bank, if remaining open because of the option given it herein, if the payment, certification, acceptance, or other transaction could have been validly done on any other day.
(2) In all parishes of the state the governing authorities thereof shall have the option to declare the whole of every Saturday a holiday, and until the whole of Saturday is so declared a holiday in any parish, Saturday from 12 o'clock noon until 12 o'clock midnight shall be a half-holiday; provided that in the city of Baton Rouge and in the Parish of Orleans the whole of every Saturday is a holiday; provided further, that the governing authority of the Parish of Washington may declare the whole of Wednesday or the whole of Saturday a holiday, and if the Parish of Washington declares the whole of Wednesday a holiday, no part of Saturday shall be a holiday in that parish. In no parish shall the whole of Wednesday be a holiday when the immediately preceding day is a holiday.
(3) In the parishes of Orleans, St. Bernard, Jefferson, Plaquemines, St. Charles, St. James, St. John the Baptist, East Baton Rouge, Lafayette, St. Tammany, Iberia, St. Martin, Ascension, Washington, Calcasieu, Jefferson Davis, St. Landry, Evangeline, Cameron, Assumption, St. Mary, Acadia, Vermilion, Iberville, Pointe Coupee, West Baton Rouge, Lafourche, East Feliciana, and West Feliciana, and in all municipalities, Mardi Gras shall be a holiday when the governing authorities so declare by ordinance. The school boards of the parishes of Acadia and Lafayette may declare Mardi Gras and the International Rice Festival in Crowley a holiday for public school children of those parishes. In the parish of Washington, the Friday of the Washington Parish Free Fair shall be a legal holiday for the purpose of authorizing the clerk of court for the parish of Washington to close his office on that day.
(4) Whenever December 25, January 1, or July 4 falls on a Sunday, the next day is a holiday. When December 25, January 1, or July 4 falls on a Saturday, the preceding Friday is a holiday when the governing authorities so declare by ordinance, and if the local governing authorities declare the Friday preceding January 1st a legal holiday, such holiday shall be an optional holiday for banking institutions, and each bank may, each at its option remain open and exercise all of its regular banking functions under conditions set forth in Paragraph (1) of Subsection A of this Section.
(5) The governing authorities of all parishes in the state shall have the option to declare the second Friday of Holiday in Dixie a legal holiday. The school boards in all parishes shall have the option to declare such day a holiday for public school children.
B. Legal holidays shall be observed by the departments of the state as follows:
*32 (1) In so far as may be practicable in the administration of the government, no employee shall work on New Year's Day, Mardi Gras Day, Good Friday, Independence Day, Labor Day, Veterans' Day, Thanksgiving Day, Christmas Day, Inauguration Day once in every four years in the city of Baton Rouge, or General Election Day every two years.
(2) Dr. Martin Luther King, Jr.'s Birthday, Robert E. Lee Day, Washington's Birthday, National Memorial Day, Confederate Memorial Day, and Huey P. Long Day shall be observed only in such manner as the governor may proclaim, considering the pressure of the state's business, provided, however, that not more than two such legal holidays shall be proclaimed in any one year, one of which shall be National Memorial Day. The governor shall call as a state holiday at least once every two years the birthday of Dr. Martin Luther King, Jr.
(3) The governor, by executive proclamation, may authorize the observance of such other holidays and half-holidays as he may deem in keeping with efficient administration. Whenever, in accordance with this Paragraph, the governor declares the fourth Friday in November a holiday, such holiday shall be designated as Acadian Day and shall be observed in commemoration of the arrival in Louisiana of the Acadian people from the French colony Acadie following the ceding of that colony to England in 1713 and in recognition of the fact that much of the early economic and political development of Louisiana is directly attributable to the industry of the Acadian people, through cultivation of land, utilization of Louisiana's natural resources, and the interest of the Acadian people in political self-determination and American democracy.
(4) When one or more holidays or halfholidays fall on a full-time employee's regular day off, his holiday shall be the closest regularly scheduled workday preceding or following the legal holiday, as designated by the head of the agency. Employees whose regular work hours do not fall in the time period, or fall only partly within the time period, of the holiday shall receive a number of hours equivalent to the holiday through compensatory time or over-time. Part-time employees having a regular work schedule will receive benefits in a similar manner as full-time employees except that their benefits will be prorated to the number of hours normally worked.
(5) When time off is declared in case of natural emergencies, only those persons actually scheduled to work during the time period of the declaration shall receive the time off. Those persons who are scheduled to work during those hours and, because of the requirements of their job, do in fact work shall be entitled to compensatory time for those hours.
C. It shall be lawful to file and record suits, deeds, mortgages and liens, to issue and serve citations, to make sheriff's sales by virtue of any execution, and to take and to execute all other legal proceedings on Wednesday and Saturday holidays and half-holidays.
D. Notwithstanding the provisions of R.S. 6:65 or any other law to the contrary, all banking institutions and savings and loan associations located within the parishes of Terrebonne, Lafourche, Iberia, Pointe Coupee, West Baton Rouge, St. Mary, and Iberville, and all banking institutions located within the parishes of Lafayette and St. Landry, shall be closed during any year on Saturdays, Sundays, New Year's Day, Mardi Gras, Independence Day, Labor Day, Thanksgiving and Christmas; provided, however, that when New Year's Day, Independence Day or Christmas fall on a Sunday, said banking institutions and savings and loan associations shall be closed on the next day, and said financial institutions may, each at its option, remain open and exercise all of its regular functions and duties upon January eighth; January nineteenth; the third Monday in February, Washington's Birthday; Good Friday; the last Monday in May, National Memorial Day; June third; August thirtieth; the second Monday in October, Christopher Columbus Day; November first; and November eleventh, Veterans' Day; and further provided that when on any of said last named days any said financial institution *33 does actually remain open it shall, as to transactions on such day, to exactly the same extent as if such day were not otherwise a legal holiday, be not subject to any of the provisions of R.S. 7:85 and R.S. 7:251, or any other laws of Louisiana, covering the matters of maturity of negotiable instruments and demands, notice, presentment, acceptance or protest thereof on legal holidays and half-holidays, and all instruments payable to or at such bank upon such day shall become due on such day; and provided further that the option of remaining open shall not apply to Saturdays or Wednesdays which are holidays or half-holidays, or to Mardi Gras when the same has been declared a legal holiday; and provided further that nothing in any law of this state shall in any manner whatsoever affect the validity of, or render void or voidable, the payment, certification of acceptance of a check or other negotiable instrument, or any other transaction by a bank in Louisiana because done on any holiday or half-holiday or because done on any day upon which such financial institution if remaining open because of the option given it herein, if the payment, certification, acceptance, or other transaction could have been validly done on any other day, provided, however, that in the parishes of Beauregard, Sabine, Vernon, Evangeline and DeSoto the banking institutions may elect to make the whole of Saturdays holidays and close, in lieu of half-holidays on Wednesdays and half-holidays on Saturdays.
NOTES
[1] A petition of intervention was filed by Walter Penny; however, he did not take an appeal.
[2] The parties do not contest that Saturday, January 3, 1987, and Sunday, January 4, 1987, were legal holidays.
[3] In the Louisiana Constitution of 1974, the executive branch of state government is divided into not more than 20 departments. La. Const. of 1974, art. IV, § 1(B).
[4] In brief, the plaintiff observes that the defendants did not object to his standing by raising the objection of no right of action in a peremptory exception. The procedures set forth in La.R.S. 13:5121, et seq., do not provide for exceptions. In any event, the allegations of fact in Paragraph 1 of the plaintiff's petition show a right of action (standing). If an exception were filed and tried on the face of the pleadings, it would have been overruled. The defendants only could have prevailed on the exception if they proved the allegations of Paragraph 1 were not true. However, the fact that the allegations concerning standing were not challenged in limine by the defendants did not relieve the plaintiff of the burden of proving the facts on standing at the trial.
[5] Because of our resolution of assignment of error number 6, it is unnecessary to pass on assignments of error numbers 1 through 5, which pertain to rulings on the validity of the bonds.