LANIER, Judge.
This is a suit to determine the validity of governmental bonds pursuant to La.R.S. 13:5121 et seq. After conducting a hearing as provided for in La.R.S. 13:5126, the trial court dismissed the suit because the plaintiff failed to prove his standing to bring the suit and because it found the bonds were legally valid. The plaintiff appealed to this court pursuant to La.R.S. 13:5128. The defendants filed a motion to dismiss the appeal because the plaintiff’s appellate brief was not filed timely pursuant to La.R. S. 13:5128. This court ruled the motion to dismiss the appeal was without merit and the trial court judgment was correct because the plaintiff failed to prove his standing to bring this suit. Smith v. Parish of East Baton Rouge, 509 So.2d 24 (La.App. 1st Cir.1987). This court declined to pass on the merits of the validity of the bonds because it was unnecessary to a decision in the case. This court declined to order a remand to the trial court to take evidence on the issue of the plaintiff’s standing to sue. On the plaintiff's application, the Louisiana Supreme Court granted a peremptory writ which remanded this action “to the district court for an expedited hearing to entertain evidence on plaintiff’s standing to sue.” Smith v. Parish of East Baton Rouge, 510 So.2d 1 (La.1987). On *633 remand, the parties stipulated facts which established the plaintiffs standing to sue, and the trial court rendered judgment vacating that portion of its judgment which held the plaintiff had failed to prove standing. The plaintiff again appealed to this court. The defendants filed a motion to dismiss this appeal, asserting that it is moot because the bond issue sought to be invalidated herein by the plaintiff has been rescinded.
FACTS
The basic facts of this action are set forth in Smith, 509 So.2d at 25-26, as follows:
On May 15, 1985, the East Baton Rouge Parish Metropolitan Council (Council), in its capacity as the governing authority of the City of Baton Rouge (City), the Parish of East Baton Rouge (Parish) and the Greater Baton Rouge Consolidated Sewerage District (District) adopted Ordinance 7853, authorizing the levy and collection of sewer user fees from all residential and business users of the sewerage system serving the Parish. Under Ordinance 7853, the revenues collected from the user fees could be used to pay the ‘cost of administration, operation, maintenance, depreciation, replacement, extension and improvement of the Sewerage System, including any payments required by the provisions of any resolution authorizing the issuance of sewerage revenue bonds.’
On October 8, 1986, by Resolution 25577, the Council, again acting as the governing authority of the City, the Parish and the District, approved an Intergovernmental Agreement by and among the City, the Parish and the District, pursuant to which the East Baton Rouge Sewerage Commission (Commission) was created, and the Council named itself the governing authority of the Commission. Under the Intergovernmental Agreement, the Council authorized the newly created Commission to ‘construct, acquire, extend, improve, use, operate and maintain’ the sewerage system of the Parish and ‘receive and dispose of the revenues of the System.’ The Intergovernmental Agreement also authorized the Commission to issue revenue bonds to pay the cost of construction and acquisition of certain major capital improvements to the sewerage system of the Parish. The Intergovernmental Agreement obligates the Parish to continue to operate and maintain the sewerage system for a period of forty years. In addition to the Parish’s obligations to operate, maintain and improve the sewerage system on behalf of the Commission, the Intergovernmental Agreement also obligates the Parish, for the forty year term of the contract, to annually appropriate and pay $8,000,000 of the costs of operation and maintenance of the sewerage system.
On the same day it adopted Resolution 25577, the Council, in its capacity as the governing body of the Commission, adopted a resolution authorizing the issuance of sewer revenue bonds, not to exceed $60,000,000, maturing in annual installments of principal over a period of twenty-five years and payable from, and secured by, a ‘pledge of and a lien upon, that portion of the Gross Revenues which shall remain after paying the cost of operation and maintenance of the System.’ By a supplemental resolution of October 15, 1986, the Council, as governing body of the Commission, authorized the actual sale of $55,000,000 of sewerage revenue bonds.
This suit was filed by T. Frank Smith on November 13, 1986, against the Parish and the Commission.
MOTION TO DISMISS APPEAL AS MOOT
The defendants, Parish and Commission, contend that the appeal is moot because the authority for the $55,000,000 bond issue has been rescinded and the bond issue can-celled by Resolution 7 of the Parish and Commission, enacted on July 15,1987. The plaintiff concedes that the $55,000,000 bond issue has been abandoned but asserts this action is not moot for several reasons. The plaintiff asserts that, on the same day the $55,000,000 bond issue was abandoned, the *634 Commission authorized a new $70,000,000 bond issue, and this new bond issue is invalid for most of the same reasons that the $55,000,000 bond issue was invalid. In particular, the plaintiff asserts the Intergovernmental Agreement with its illegal forty-year commitment of an $8,000,000 annual payment from the Parish general fund remains in effect as a source of financing the new bond issue. Plaintiff then argues as follows:
The defendants’ continuing, long-term encumberment of Parish general funds to secure revenue bonds constitutes an on-going and existing controvery [sic] and a ruling declaring such practice and obligation unconstitutional or in violation of statutory norms will provide the practical relief requested by plaintiffs in the instant case. Defendants have expressed a present intention to continue the Parish’s general fund commitment and their resolutions and actions since suit was initiated in this case demonstrate beyond doubt the continuance of a live and on-going controversy demanding resolution by this Court on its merits.
Plaintiff then asserts that “[t]he repeal of the $55,000,000 bond issue and substitution on the same day of an identical $70,000,000 bond issue is evidence of their intention to continue forward on the same track and to thwart plaintiffs’ efforts to get a court determination of the legal issues raised in the instant case” and that the “Bond validation procedure, authorized ... to provide a quick, fair and definitive determination of the validity of bonds and the sources of security for the payment of bonds is completely undermined if an issuer of bonds can simply abandon a bond issue once challenged and immediately resurrect it in slightly different form to avoid and evade the constitutionally granted right of taxpayers to test its validity and security.” [Footnote omitted.] In a supplemental brief, the defendants have responded to the plaintiff with the following argument:
It is clear, however, the only appropriate procedure and forum for his would-be attack on subsequent bond issues, is to bring an action to invalidate the subsequent bond issues before the 19th Judicial District Court under R.S. 13:5121, et seq. This attempt to convert the attack on a no longer extant bond issue into a declaratory judgment on other bond issues, rather than attacking the other bond issues directly under R.S. 13:5121 et seq., is clearly without basis in the law and should be rejected.
The purpose of this suit is to invalidate the $55,000,000 bond issue; it does not purport to seek invalidation of the $70,000,-000 bond issue. The introductory paragraph of the plaintiff’s petition provides as follows:
Plaintiff-mover T. Frank Smith files this Motion for Judgment against defendants, the Parish of East Baton Rouge, Louisiana, and the East Baton Rouge Sewerage Commission, under the provisions of R.S. 13:5121 through 13:5130 of the Louisiana Revised Statutes of 1950, to enjoin defendants from issuing and selling $55,000,000 of sewer revenue bonds of the Commission, and in support of his motion, avers that: ...
Paragraphs (4) and (5) of the prayer of the plaintiff’s petition provide as follows:
(4) That after due proceedings had there be [sic] judgment herein in favor of plaintiff-mover and against the defendants, declaring the resolutions herein-above referred to authorizing the issuance of $55,000,000 of the revenue bonds and securing said bonds by the pledge of general funds of the Parish to be unconstitutional, null and void; and
(5) That the defendants, their governing bodies, agents and employees be restrained, enjoined and prohibited from issuing, selling and delivering $55,000,-000 of sewer revenue bonds of the East Baton Rouge Sewerage Commission.
The expedited procedures of La.R.S. 13:5121 et seq.[1] have been followed in this action.
Pursuant to La.R.S. 13:5122, any action “of whatever nature affecting the va *635 lidity of bonds of any governmental unit ... shall be brought only in accordance with the provisions” of La.R.S. 13:5121 et seq. [Emphasis added.] Since La.R.S. 13:5121 et seq. is the exclusive method by which the validity of a governmental bond may be challenged in court, this action is clearly not a suit for a declaratory judgment, as provided for in La.C.C.P. art. 1871 et seq. The only way the $70,000,000 bond issue can be invalidated is by a direct action pursuant to La.R.S. 13:5121 et seq.
When the Parish and Commission rescinded the $55,000,000 bond issue, the purpose of this suit ceased to exist. The plaintiff has asserted in brief for the first time in this court that the $70,000,000 bond issue is invalid for essentially the same reasons that the $55,000,000 bond issue was invalid and asks us to rule on the validity of those reasons. In this procedural posture, the plaintiff cannot get declaratory relief on those reasons. We cannot adjudicate the validity of the $55,000,000 bond issue because it has been rescinded. We cannot adjudicate the validity of the $70,000,000 bond issue because it is not before us. In the present procedural posture of this case, the only relief we could grant would be either declaratory or hypothetical. It is well settled that courts should not decide abstract, hypothetical or moot controversies, or render advisory opinions with respect to such controversies. St. Charles Parish School Board v. GAF Corporation, 512 So.2d 1165 (La.1987), (decided on rehearing, August 7, 1987, under docket number 85-CC-2334) and the cases cited therein.
The motion to dismiss the appeal as moot has merit.
DECREE
For the foregoing reasons, the appeal is dismissed as moot. The Parish and Commission are cast for all costs in the amount of $1,900.08.
APPEAL DISMISSED.

. La.R.S. 13:5121 et seq. constitute Part XVI (Suits to Determine Validity of Governmental Bonds) of Chapter 32 (Particular Classes of Actions and Cases) of Title 13 (Courts and Judicial Procedure) of the Louisiana Revised Statutes.