PER CURIAM.
This is a bond validation suit brought by the Louisiana Recovery District (hereinafter sometimes referred to as plaintiff) against “all taxpayers, property owners, and citizens of the State of Louisiana and non-residents owning property or subject to taxation therein, and all other persons interested in or affected in any way by the issuance of sales tax bonds of the Louisiana Recovery District,” pursuant to La.R. S. 13:5121-5130. Ms. Roberta Madden (hereinafter sometimes referred to as defendant) answered the petition and alleged that she was a citizen, taxpayer of the full age of majority, and a resident of the Parish of East Baton Rouge, Louisiana. The answer alleged Act 15 of the First Extraordinary Session of 1988, which created the Louisiana Recovery District, was unconstitutional on various grounds. From a judgment upholding the constitutionality of Act 15, defendant appeals.
At the conclusion of the trial on the merits, and after both sides had rested the presentation of their respective cases, plaintiff moved for the dismissal of defendant's claims because of her failure to present any evidence she had standing to take part in these proceedings.[1] In answer the defendant requested the trial court reopen the case for the specific purpose of allowing the introduction of evidence as to defendant’s standing to take part in these proceedings. The trial judge, while questioning his authority to reopen the case, took the motion to dismiss under advisement. Prior to the trial judge rendering a decision, plaintiff withdrew its motion to dismiss. Subsequent thereto, defendant applied to this court for writs seeking the reopening of the case in the trial court. The writs were not considered because of a rule violation (No. CW 88 0861 on the docket of this Court). The trial judge then handed down written reasons for judgment upholding the constitutionality of Act 15. *403 Defendant again applied to this Court for writs; however, this Court denied the application, reasoning that “the ruling complained of appears to be moot ... [and] to the extent that the issue may still be viable, relator has an adequate remedy by appeal.... ” (CW 88 0873 on the docket of this Court). Defendant has now appealed the trial court decision, plaintiff has refiled in this court the peremptory exception raising the objection of no right of action,[2] La.Code Civ.P. art. 2163, and defendant has moved to dismiss the exception.
In moving to dismiss the exception, defendant argues that plaintiff filed the same exception in the supreme court on June 3, 1988, the supreme court denied the exception, and thus res judicata applies.
The peremptory exception filed by plaintiff with the supreme court was filed in conjunction with a writ application wherein plaintiff requested the supreme court to exercise its supervisory jurisdiction and immediately remove this matter to the supreme court for consideration. In the alternative, plaintiff requested the supreme court to order this Court to expedite the appellate process. The supreme court chose the alternative. The supreme court denied the exception and denied the writ. With that frame of reference in mind, we conclude the supreme court never considered the merits of the exception, and merely denied it, when it chose to order this Court to expedite the appellate process. Therefore, the denial of the exception by the supreme court is not res judica-ta.
La.R.S. 13:5121-5130 create a cause of action and establish “a uniform, expeditious and equitable procedure,” [3] for “suits to determine validity of governmental bonds.” If the governmental unit initiates the proceeding, “the taxpayers, property owners and citizens of the issuing governmental units, including nonresidents owning property or subject to taxation therein, and all other persons interested in or affected in any way by the issuance of such bonds shall be made parties defendant.” La.R.S. 13:5123. La.R.S. 13:5126 in part provides that “[a]ny property owner, taxpayer, citizen, or other person in interest may become a party to said proceedings by pleading to the motion_”
It is well settled in this state, so as not to require citation, that the sole purpose of the peremptory exception raising the objection of no right of action is to challenge the party litigant’s interest in the subject matter of the suit. Under the procedure established by the legislature for determining the validity of governmental bonds, the party seeking to contest the validity of the bonds must meet certain interest criteria. It matters not whether the party contesting validity of the bonds appears as a plaintiff or as a defendant; under either situation, the contestant must prove the interest criteria. Here, defendant failed to place one scintilla of evidence before the trial court that she met the interest criteria. Thus, defendant failed to prove she had a right of action or interest in this lawsuit.
In Smith v. Parish of East Baton Rouge, 509 So.2d 24 (La.App. 1st Cir.), writ granted, 510 So.2d 1 (La.1987), this court held that a plaintiff contesting the validity of governmental bonds must prove standing to sue. The supreme court granted writs for the sole purpose of remanding to the trial court “to entertain evidence of plaintiff’s standing to sue.” Thus, the supreme court approved the basic premise that a party contesting the validity of governmental bonds must prove standing to sue. Apparently remand was deemed appropriate in the Smith case.
No request for a remand has been made in this case. However, had the suggestion of a remand been made for the limited purpose of introducing evidence to prove sufficient interest criteria, we would have *404 denied same. We are impressed with the urgency of this proceeding as evidenced by the order of the Louisiana Supreme Court addressed to this court, dated June 3,1988, which provides as follows:
The court of appeal is ordered to expedite the appellate process by conducting oral arguments and rendering an opinion on or before June 15, 1988. No application for rehearing may be filed in the court of appeal. Any application or appeal to this court shall be received in this court on or before June 20, 1988.
Inasmuch as defendant appealed the judgment of the trial court and now has been dismissed from this proceeding, we pretermit any discussion on the merits.
Therefore, for the above and foregoing reasons, the peremptory exception raising the objection of no right of action is sustained, and defendant, Ms. Roberta Madden, is dismissed from this proceeding. Defendant-appellant is to pay all costs of this appeal.
EXCEPTION SUSTAINED.

. In essence what plaintiff filed at this stage of the proceedings was a peremptory exception raising the objection of no right of action. La. Code Civ.P. arts. 927 and 928.

. Generally, exceptions are filed by defendants to suits by plaintiffs. However, in the context of the procedural posture of a bond validation suit instituted by a governmental unit, we find it proper and appropriate that the governmental unit, as plaintiff, be allowed to file exceptions to defendant’s answer.

. La.R.S. 13:5122.