CARTER, J., concurs in part and dissents in part for written reasons assigned.
CARTER, Judge,
concurring in part and dissenting in part.
I agree that defendant failed to establish by legal evidence that she had a right of action or interest (legal standing) in this law suit. However, I do not agree that Ms. Madden should be dismissed from this proceeding without first being given the opportunity ON REMAND to introduce evidence to establish the sufficient interest criteria. This course of action is clearly authorized in Smith v. Parish of East Baton Rouge, 509 So.2d 24 (La.App. 1st Cir. 1987), writ granted, 510 So.2d 1 (La.1987), wherein the Louisiana Supreme Court ordered a remand under similar circumstances.
In Smith v. Parish of East Baton Rouge, supra, the plaintiff alleged the following facts in Paragraph 1 of his petition:
Plaintiff-mover is a resident of the Parish of East Baton Rouge, Louisiana, who uses the sewerage system of the Parish and pays on a monthly basis sewer user fees for such usage, is a duly registered voter of the State of Louisiana, qualified and registered to vote in the Parish of East Baton Rouge, and is a property owner and taxpayer in the Parish of East Baton Rouge. [509 So.2d at 28]
The defendants denied these allegations. No evidence was presented at the trial to prove these facts. In his oral reasons for judgment, the trial court judge observed that “standing certainly is a necessity before a person can bring a lawsuit” and held “inasmuch as there has been no evidence of standing, that would be a second reason to deny the ... petition.” [509 So.2d 28] Apparently, no attempt was made in the trial court to reopen the case to present proof of standing.
In Smith, this court, in dismissing the plaintiff’s suit, stated:
It is hornbook law that, as a general rule, a plaintiff in a civil action bears the burden of proving each of the elements of his claim by a preponderance of the evidence. To have standing to sue, the plaintiff must assert (and prove) an adequate interest in himself, which the law recognizes, against a defendant having a substantial adverse interest. Terrebonne Parish Police Jury v. Matheme, 405 So.2d 314 (La.1981). In Producing Manager’s Company, Inc. v. Broadway Theater League of New Orleans, Inc., 288 So.2d 676, 679 (La.App. 4th Cir.1974), appears the following:
The law is clear and well settled that an action can only be brought by a person having a real and actual interest in that which he asserts.... A plaintiff must prove that he has some interest in prosecuting the suit in order to establish his rights to recover damages, just as he must prove any other essential allegation of the petition.... Thus, if plaintiff fails to prove his interest to the Court’s satisfaction, his suit will generally be dismissed for failure to prove an essential element of his right to recovery.
*405 See also La.C.C.P. art. 681; Geigy Chemical Corporation v. Rada, 264 So. 2d 279 (La.App. 4th Cir.1972). As previously indicated, the plaintiff has failed to prove his standing to bring this suit. The trial court ruling on this issue is correct. [509 So.2d 28-29]
This court declined to remand the case to give Smith an opportunity to produce evidence establishing standing for two reasons. First, this court opined that LSA-C. C.P. art. 2164 and the jurisprudence on remands for taking additional evidence were inapplicable to suits arising under LSA-R.S. 13:5121 et seq. Second, this court stated that the plaintiff did not seek to reopen his case to present evidence when the issue was raised in the trial court, and a remand at that stage of the proceedings was inconsistent with the legislative intent of LSA-R.S. 13:5121 et seq.
In granting the plaintiffs application for supervisory writs, the Louisiana Supreme Court stated:
Granted. This case is remanded to the district court for an expedited hearing to entertain evidence on plaintiffs standing to sue; any appeal thereafter to the Court of Appeal is to be expedited. [510 So.2d 1]
* In the instant case, the defendant Ms. Madden, in answer to a motion for judgment, alleged that she was “a citizen, taxpayer of the full age of majority resident in the Parish of East Baton Rouge, Louisiana.” As such, LSA-R.S. 13:5124 required that she be made a party defendant. The majority opinion correctly refers to LSA-R. S. 13:5124 which provides in part:
By publication of such motion for judgment, all taxpayers, property owners and citizens of such governmental unit including nonresidents owning property or subject to taxation therein, and all other persons having or claiming any right, title, or interest in any property or funds to be affected in any way by the issuance of such bonds, or having or claiming to have any right or interest in the subject matter of such motion for judgment, shall be considered as parties defendant in such proceedings and as having been duly served, and the court shall have jurisdiction of them the same as if each of them were named individually as a party defendant in such motion for judgment and personally served with process.
The majority further points out that LSA-R.S. 13:5126 in part provides that “[a]ny property owner, taxpayer, citizen, or other person in interest may become a party to said proceedings by pleading to the motion .... ” In short, the majority notes that by publication of the motion for judgment, under LSA-R.S. 13:5124 certain persons are made defendants and, pursuant to LSA-R.S. 13:5126, certain other persons may become parties. Then, the majority requires the persons so made defendants prove they have a right to be named as defendants.
Plaintiff did not take issue with Ms. Madden’s standing to take part in these proceedings until after both sides had rested their respective cases. When defendant requested that the trial court reopen the case to permit the introduction of evidence on this specific issue, plaintiff withdrew its motion to dismiss. The issue was therefore never resolved by the trial court, and, after plaintiff raised the issue of defendant’s standing, defendant was not given an opportunity to establish her standing. After defendant perfected the instant appeal, plaintiff again challenged defendant’s standing, urging this court to deny defendant the right to participate without giving defendant the opportunity to establish legal standing.
Generally, the plaintiff in a proceeding bears the burden of proving standing. A declaratory proceeding of this type places the defendant in an unusual posture in that, as the party attacking the constitutionality of Acts 1988, No. 15, she must establish her interest in the proceeding. Requiring defendants in cases of this type to establish their standing has resulted in confusion. As a result, I believe that basic fairness and the Supreme Court’s decision in Smith v. Parish of East Baton Rouge, 510 So.2d 1 (La.1987) clearly support a remand of this case to the trial court. Defendant should be given an opportunity, if *406 possible, to establish her standing. Despite the “urgency of this proceeding,” justice requires that interested persons with standing be heard.
For these reasons, I respectfully concur with that portion of the majority opinion finding that defendant failed to establish legal standing in this suit. However, I dissent from the majority opinion in that this proceeding should be remanded to the trial court for an expedited hearing on the issue of defendant’s standing.
Further, the course of action taken by the majority leaves unanswered crucial, overriding Constitutional questions raised by the merits which go to the heart of separation of powers and Constitutional government. These questions will remain unanswered unless action is taken by the Louisiana Supreme Court.
At the risk of being repetitious, in commenting on the merits of this case, I again quote from Washington’s Farewell Address as published in Sparks’ Writings of Washington, vol. 12, pp. 382-398, and whose observations are as pertinent and relevant now as they were when enunciated by President Washington:
It is important, likewise, that the habit of thinking in a free country should inspire caution, in those intrusted with its administration, to confine themselves within their respective constitutional spheres, avoiding in the exercise of the powers of one department to encroach upon another. The spirit of encroachment tends to consolidate the powers of all the departments in one, and thus to create, whatever the form of government, a real despotism. A just estimate of the love of power, and proneness to abuse it, which predominates in the human heart, is sufficient to satisfy us of the truth of this position. The necessity of reciprocal checks in the exercise of political power, by dividing and distributing it into different depositories, and constituting each the Guardian of the Public Weal against invasions by the others, has been evinced by experiments, ancient and modem; some of them in our country and under our own eyes. To preserve them must be as necessary as to institute them. If, in the opinion of the people, the distribution or modification of the constitutional powers be in any particular wrong, let it be corrected by an amendment in the way which the constitution designates. But let there be no change by usurpation; for, though this, in one instance, may be the instrument of good, it is the customary weapon by which free governments are destroyed. The precedent must always greatly overbalance in permanent evil any partial or transient benefit which the use may at any time yield.
Cf. Carso v. Board of Liquidation of State Debt. 205 La. 368,17 So.2d 358 (1944). Cf also Concurring and Dissenting Opinion, Bruneau v. Edwards, 517 So.2d 818 (La. App. 1st Cir.1987), writs denied, 508 So.2d 806, 832 (La.1987).