JaLOTTINGER, Chief Judge.
Plaintiff, the Municipal Employees’ Retirement System, brought this suit seeking a declaratory judgment annulling a contract entered into between the defendants, the City of New Iberia and the Office of Rural Development. The district court sustained the defendants’ peremptory exception raising the objection of no right of action and dismissed plaintiffs suit. From this judgment, plaintiff appeals.
Plaintiff contends that the contract between the Office of Rural Development and the City of New Iberia is unlawful principally because it is violative of the Office of Rural Development’s own enabling and funding legislation, and because the Office of Rural Development did not comply with the requirements of the Administrative Procedure Act in entering the contract.
The challenged contract requires the state to pay the city a sum of money over a period of three years for the formation of an economic development program. The contract dedicates $48,000.00 per year for the program director’s salary. A part-time city employee, Herman Gesser, was named program director. As a result of the appointment, Gesser will experience a substantial salary increase. Gesser’s potential annual retirement benefit through the Municipal Employees’ Retirement System, which is calculated on the basis of an employee’s salary during his last three years of employment, may also increase significantly. Plaintiff contends that the increase in Gesser’s retirement benefits is detrimental to the actuarial soundness of the retirement system. Based on this interest and the alleged illegality of the contract, plaintiff asserts that it has standing to seek a declaratory judgment annulling the contract.
Defendants filed the peremptory exception raising the objection of no right of action. The district court granted defendants’ exception and plaintiff appeals.
RIGHT OF ACTION
The issue presented in this case is whether the plaintiff has standing or a right to bring this suit seeking the nullity of the contract. Defendants contend that plaintiff has failed to show any real or actual interest because the only effect which the contract has is to increase, in accordance with the retirement system’s existing rules, the potential retirement benefits of one of its members.
1 aArtiele 681 of the Louisiana Code of Civil Procedure provides in pertinent part, “an action can be brought only by a person having a real and actual interest which he asserts.” The requirement of standing “is satisfied if it can be said that the plaintiff has a legally protectible and tangible interest at stake in the litigation. Richardson v. Reeves, 600 So.2d 138, 140 (La.App. 2nd Cir.1992). In other words, standing requires that the plaintiff have an adequate interest in himself, which the law recognizes, against a defendant having a substantial adverse interest.” Meredith v. Ieyoub, 95-0719, p. 4 (La.App. 1st Cir. 4/4/96); 672 So.2d 375, 378 (quoting Mouton v. Department of Wildlife & Fisheries, 95-0101, p. 6 (La.App. 1st Cir. 6/23/95); 657 So.2d 622, 626, writs denied, *837 95-2161 and 95-2164 (La. 11/17/95); 663 So.2d 710 and 711 (Emphasis in original).
Plaintiffs interest is set forth in paragraph 9 of its petition:
As a direct result of his “promotion” to this position, Mr. Gesser’s salary has increased from $5,400.00 per year to $48,000.00 per year, and his annual retirement benefit through the Municipal Employees’ Retirement System of Louisiana, which [is] calculated on the basis of an employee’s salary during his last three years of employment, will increase from $5,346.00 per year (had he retired while in his former position) to $47,520.00 per year (if he retires upon termination of the three-year pilot program). Thus, based on actuarial estimates, Mr. Gesser will benefit by more than $370,000.00 from the contract between the Office of Rural Development and the City of New Iberia, to the detriment of the actuarial soundness of the Retirement System.
In paragraphs 4 through 7 of its petition, plaintiff asserts that the contract is illegal because it violates Executive Order EWE 93-4, La. Const, art. YII, § 6, La. R.S. 3:323 and the Administrative Procedure Act. Based on these alleged violations and the interest asserted, plaintiff prays that the contract between the Office of Rural Development and the City of New Iberia be annulled.
We find that under the current jurisprudence plaintiff has a sufficient interest to seek the nullity of the contract as a taxpayer. A taxpayer has the right to seek judicial review, including the annulment of a contract, of acts of public servants which are allegedly unlawful. Louisiana Associated General Contractors, Inc. v. Calcasieu Parish School Board, 586 So.2d 1354, 1357 (La.1991); Meredith, 95-0719, p. 4; 672 So.2d at 378; Roussel v. Noe, 274 So.2d 205, 210 (La.App. 1st Cir.), writ denied, 281 So.2d 743 (La.1973). A taxpayer may resort to judicial authority to restrain public servants from transcending their lawful powers, or violating their legal pduties in any unauthorized mode which will increase the burden of taxation or otherwise unjustly affect the taxpayer or his property. Calcasieu, 586 So.2d at 1357; Meredith, 95-0719, p. 4; 672 So.2d at 378. Proof of an increased tax burden is not the only method by which a taxpayer may seek judicial authority to restrain a public body from alleged unlawful action. Calcasieu, 586 So.2d at 1358. When a taxpayer seeks to restrain action by a public body he is afforded a right of action upon a mere showing of an interest, however small and indeterminable. Id.; Contrast League of Women Voters of New Orleans v. City of New Orleans, 381 So.2d 441, 446-47 (La.1980) (A taxpayer attempting to compel the performance of a public duty by a public entity is required to demonstrate a special or particular interest distinct from that of the public at large.)
Had plaintiff alleged and proven taxpayer status, the interest expressed in paragraph 9 of plaintiffs petition would be sufficient to sustain a right of action seeking the nullity of the contract.[1] Under the discretion permitted us by La.Code Civ.Pro. arts. 1154 and 934, we remand this case to the district court to permit the plaintiff the opportunity to amend its petition so as to cure the objection of no right of action.
CONCLUSION
For the reasons assigned, the judgment appealed is vacated. This case is remanded to the district court with the instruction that an order be issued to plaintiff to amend its petition pursuant to La.Code Civ.Pro. art. 934. In the event that plaintiff fails to amend its petition within the delay allowed by the trial court, the trial court shall order that plaintiffs suit be dismissed pursuant to its authority under La.Code Civ.Pro. art. 934. If the petition is amended, the case is reopened for further proceedings according to law. All costs of this appeal are assessed against the defendants. Costs in the district court will wait a final determination of this case.
VACATED AND REMANDED.
FITZSIMMONS, J., concurs and assigns reasons.

. Plaintiff is not a party to the contract it seeks to annul. Rather plaintiff seeks to annul a contract entered into by two governmental entities. Under the jurisprudence, a taxpayer seeking to restrain an action by a public body is afforded a right of action even when the interest expressed is small and indeterminable.