|2FOIL, Judge.
This appeal challenges the action of the trial court in issuing an order requiring the State of Louisiana, Department of Public Safety, to produce the live testimony of the arresting officer at an administrative hearing challenging the license suspension of a suspected drunk driver. We hold that plaintiff, who failed to appeal the Department’s suspension of his driving privileges, lacked standing to attack the Department’s use of the arresting officer’s affidavit in lieu of the officer’s live testimony in a license suspension hearing, and we reverse the trial court’s declaratory judgment and vacate the injunction.
FACTUAL AND PROCEDURAL BACKGROUND
On May 16, 1996, Timothy Martin was arrested for driving a vehicle under the influence of alcohol. Martin submitted to a chemical analysis test, which revealed a .197 per *1183 cent blood alcohol level. La. R.S. 82:667 requires the arresting officer to seize the license of an arrested suspected drunk driver if the person submits to a chemical test and the results show a blood alcohol level of .10 percent or above. On the basis of his test results, Martin’s license was suspended by the Department.
After being notified of the suspension of his license, Martin, in accordance with La. R.S. 32:668 and La. R.S. 32:414, requested an administrative hearing. The hearing was held before an administrative law judge (ALJ) on August 12, 1996. There was no testimony adduced at the hearing. The Department submitted its records of Martin’s arrest, including the DWI citation containing the affidavit of the arresting officer in which the officer described his observations of Mar-, tin’s driving and behavior that led him to suspect Martin was driving under the influence of alcohol. At the hearing, Martin objected to the introduction of the affidavit, urging that such was hearsay and not competent evidence upon which to justify the suspension. Martin argued that the Department was legally obligated to produce the arresting officer’s live testimony at the suspension hearing.
The ALJ rejected Martin’s challenges to the Department’s evidence, and upheld the Department’s 90-day suspension order. By letter dated August 26, |gl996, Martin was notified that as a result of the administrative hearing, his driving privileges were being suspended by the Department for a period of 90 days. The letter further notified Martin that the suspension was effective September 23, 1996. Martin received the notice on August 28,1996.
Thereafter, on September 30,1996, Martin filed this petition for a declaratory judgment and injunctive relief in the 19th Judicial District Court, contesting the Department’s use of the arresting officer’s affidavit in lieu of his live testimony at a hearing challenging a suspension of a license of a suspected drunk driver who submitted to a chemical test. Martin urged that the use of such evidence was unconstitutional and was not authorized by statutory law. He asked for a judgment decreeing that the Department’s rules authorizing it to use the officer’s affidavit are unconstitutional and otherwise illegal. Martin sought an injunction prohibiting the Department from suspending his license and from enforcing the challenged rules at its administrative hearings.
La. R.S. 32:668 C and La. R.S. 32:414 F(4) give a person whose license has been suspended by the Department the right to filé an application for judicial review of the order of suspension within 30 days following the suspension. The trial judge is required to conduct a trial de novo to determine the propriety of the suspension. Flynn v. State, Department of Public Safety and Correction, 608 So.2d 994, 999 (La.1992).
Martin, however, did not seek judicial review of the order of suspension. Instead, he challenged the Department’s use of evidence in suspension hearings. Because Martin did not appeal the Department’s order of suspension, that order, in light of La. R.S. 32:668 C and La. R.S. 32:414 F(4) became a final, definitive one no later than September 28, 1996.
On December 9, 1996, the Department filed an “Exception of Mootness” urging that because Martin’s suspension order was a final one, any objections he may have had to the administrative procedures resulting in that suspension were now moot.
The trial judge agreed that he could no longer afford Martin any relief due to the finality of the suspension order. However, the judge ruled that the ^Department is required by law to produce the live testimony of the arresting officer at a suspension hearing where a suspected drunk driver’s license has been suspended based on his submission to a chemical test. The judge issued an order enjoining the Department from conducting administrative hearings based solely on the Department’s records, and ordered that the Department produce the arresting officer to testify live at future suspension hearings.
The Department took this appeal, challenging the trial judge’s ruling regarding evidence at suspension hearings, as well as the judge’s failure to dismiss the entire petition as moot.
*1184 STANDING
An action may only be brought by one having a real and actual interest. La. Civ.Code P. art. 681. Standing is a concept utilized to determine if a party is sufficiently affected so as to ensure that a justiciable controversy is presented to the court. Guidry v. Dufrene, 96-0194, p. 4 (La.App. 1 Cir. 11/8/96); 687 So.2d 1044, 1046. To satisfy article 681’s standing requirement, a plaintiff must show that he has a legally protectable and tangible interest in the litigation. Municipal Employees’ Retirement System v. Office of Rural Development, 95-2505, p. 3 (La.App. 1 Cir. 6/28/96); 676 So.2d 835, 836, writ denied, 96-1989 (La.11/8/96); 683 So.2d 269. Even when a plaintiff seeks to restrain a public body from an alleged unlawful action, the plaintiff must still demonstrate an interest that will be affected by the challenged action, however small and indeterminable. Meredith v. Ieyoub, 96-1110, p. 4 (La.9/9/97); 700 So.2d 478, 480.
Martin lacked standing to contest the Department’s use of the arresting officer’s affidavit in lieu of his live testimony at a suspension hearing. Martin’s suspension was a final order no longer subject to judicial scrutiny. Because of the finality of his own suspension order, Martin could no longer assert that he had an interest that could be adversely affected by the Department’s use of the officer’s affidavit at suppression hearings. The only interest Martin could assert in this suit for declaratory and injunctive relief is that of a member of the driving public. However, we conclude that Martin failed to demonstrate [5that he is sufficiently affected by the use of the arresting officer’s affidavit at an administrative license suspension hearing to enable him to challenge that action.
Accordingly, we hold that Martin lacked standing to maintain this action for declaratory and injunctive relief. The trial court was without power to render a declaratory judgment or issue an injunction once Martin’s suspension became final. As the trial judge no longer had authority to afford the relief requested at that point, he should have dismissed the case on the grounds of mootness.
CONCLUSION
Based on the foregoing, the declaratory judgment is hereby reversed and the. injunction is vacated, and plaintiff’s suit is dismissed. All costs of this appeal are assessed to appellee, Timothy Martin.
REVERSED AND RENDERED.