270 So.2d 512 (1972)
263 La. 1073
Priestly VERDUN et al.
v.
SCALLON BROTHERS CONTRACTORS, INC., Intervenor: Board of Commissioners For the Atchafalaya Basin Levee District.
No. 51955.
Supreme Court of Louisiana.
December 11, 1972.
Levy, Burleigh, Russo & Bourg, Anthony J. Guarisco, Jr., Morgan City, for plaintiff-applicant.
Samuel C. Cashio, Dist. Atty., Joseph W. Cole, Jr., Asst. Dist. Atty., for intervenor.
McCALEB, Chief Justice.
Plaintiffs, members of the Verdun family who own in indivision a tract of land in St. Mary Parish,[1] instituted this action to enjoin Scallon Brothers Contractors, Inc., from moving heavy equipment onto their property, then under sugar cane cultivation, and removing soil material therefrom.
The Board of Commissioners of the Atchafalaya Basin Levee District, the true party at interest,[2] intervened, asserting that Scallon, as a contractor engaged by the U.S. Army Corps of Engineers, was authorized by the levee district to enter the lands and secure soil for the purpose of repairing and strengthening the Charenton-Intracoastal *513 Canal levee across the property. This authorization is based on a resolution adopted by the levee district January 11, 1934, whereby it appropriated, pursuant to Article 665 of the Revised Civil Code,[3] a right of way across this riparian property[4] for levee purposes, in accordance with a federal flood control project in the West Atchafalaya Basin, paying the Verduns the previous year's assessed valuation of the property, as required by Section 6 of Article XVI of the Constitution. Alternatively, the levee board averred that if it was without right to take this action until additional compensation was paid, "the plaintiffs have an adequate remedy in damages and an injunction should not issue herein."
The trial judge, although recognizing the levee board had a right of servitude over plaintiffs' lands "for purposes of obtaining earth to repair a levee," was not satisfied from the evidence that the soil sought to be used was contained within the limits of the original levee servitude. Accordingly, he enjoined entrance onto the property, and the disturbance, excavation, or removal of any dirt, soil, or crops therefrom until such time as plaintiffs have been compensated in accordance with the provisions of the constitution. Notwithstanding this ruling, the judge granted the levee board a suspensive appeal therefrom.
The Court of Appeal for the First Circuit reversed, recalled and vacated the injunction, and dismissed the suit (see 255 So.2d 808, on rehearing). We granted certiorari. 260 La. 400, 256 So.2d 288.
Although counsel for plaintiffs question the correctness of the holding of the Court of Appeal on rehearingthat the levee board had the legal right to use all the land it appropriated in 1934, which included the acreage for which the injunction is soughtwe find, at the outset, that in view of concessions made by all counsel respecting the present posture of the litigation, this Court is unable to reach the issues presented for review. For during oral argument here, it was admitted that, following issuance of this injunction, the trial judge suspended its effect by granting a suspensive appeal, and the contractor, acting under the appeal order suspending the injunction, removed the soil from this acreage. It was used for the repair of a break in the levee along the intracoastal canal. There is today, therefore, only a deep borrow pit on the property of the plaintiffs that forms the basis of this proceeding for an injunction.
In such circumstances, the matter is now moot, as this Court will not review a case where only injunctive relief is sought when the need for that relief has ceased to be a justiciable issue. Injunction may be used to prevent but not to correct a wrong; it cannot be employed to redress an alleged consummated wrong or undo what has already been done. See, Allen v. Commercial Nat. Bank in Shreveport, La. App., 138 So.2d 252, affirmed 243 La. 840, 147 So.2d 865; Daigle v. Pan Am. Production Co., 236 La. 578, 108 So.2d 516; West Carroll Nat. Bank of Oak Grove v. West Carroll Parish School Board, La.App., 136 So.2d 699; Forrest v. Messenger, La.App., 20 So.2d 766; and 42 Am.Jur.2d 1116, verbo, Injunctions, Section 355.
Accordingly, since any opinion this Court might give at this time would be *514 purely advisory, plaintiffs are relegated to whatever rights they may have for recovery of damages.
For the reasons assigned, the judgment of the Court of Appeal for the First Circuit dismissing plaintiffs' suit for an injunction, is affirmed, without prejudice to the assertion by plaintiffs of whatever other legal rights they may have to claim damages.
DIXON, Justice (dissenting).
Both parties to this suit have urged the court to decide the issues presented. Although the majority opinion conforms to the jurisprudence as it legally avoids deciding the case, there seems to be neither statutory prohibition nor compelling reason against our deciding the issues, which are still alive and which have been fully briefed and argued.
By perpetuating the jurisprudence which sidesteps a decision, we merely require these litigants to file another suit in the same court and present the same issues in order to settle the dispute that exists between them.
Louisiana long since abandoned the notion that courts could not advise litigants. Although "advisory opinions" will always be hard to get, a "declaratory judgment" is not. C.C.P. 1872. If these litigants had only thought to couple a demand for a declaratory judgment with the suit for injunction, we could not have avoided deciding the issues.
Since we do have a declaratory judgments statute, and since appellate courts are now urged to make any judgment which is "just, legal and proper" upon the record on appeal (C.C.P. 2164), and since both parties desire an adjudication of the single legal issue presented, we ought not to delay a decision until the parties have trudged once more the weary path from the trial court to the Court of Appeal and back to us.
NOTES
[1] The property is described in the petition as "That certain tract or parcel of land comprising the Estate of Archille and Emma Verdun located near the community of Verdunville being bounded on the North by Cook, on the South by the Bayou Teche, on the West by Lake and on the East by Paul."
[2] Scallon filed an answer in which it generally denied the allegations of the petition for injunction, but averred it was acting with full authority to enter the property in accordance with its contract with the Corps of Engineers of the United States.
[3] The pertinent portion of this article is as follows: "Servitudes imposed for the public or common utility, relate to the space which is to be left for the public use by the adjacent proprietors on the shores of navigable rivers, and for the making and repairing of levees, roads and other public or common works."
[4] The tract, as originally appropriated consisted of 7.17 acres, but only 4 acres thereof were used in the construction of the levee.