445 So.2d 1308 (1984)
Jacques LAUER and Raymond Locatto
v.
CITY OF KENNER.
No. 83-CA-526.
Court of Appeal of Louisiana, Fifth Circuit.
February 6, 1984.
*1309 McGlinchey, Stafford, Mintz & Cellini, B. Franklin Martin, III, New Orleans, for plaintiff-appellant.
George W. Giacobbe, Kenner, for defendant-appellee.
Molony, Nolan, North & Riess, Bruce A. North, Metairie, Radar Jackson, New Orleans, De Martini, Leblanc & D'Aquila, Alvin A. LeBlanc, Jr., Kenner, for intervenors.
Before BOUTALL, KLIEBERT and DUFRESNE, JJ.
DUFRESNE, Judge.
Jaques Lauer, petitioner-appellant, devolutively appeals from a judgment dissolving a temporary restraining order and denying a preliminary injunction sought by him to prevent Patricia Wood, wife of/and Charles Lambert, Folmar & Associates, Ltd. and the City of Kenner, respondents-appellees, from building a supermarket complex on the grounds that such construction was being undertaken under an allegedly invalid ordinance amending the zoning and/or land use laws of the City of Kenner. Lauer also suspensively appeals on award to Folmar of $7,584 as damages for delay caused by wrongful issuance of the temporary restraining order as well as $7,500 in attorney fees awarded to Folmar, Wood, Lambert and the City of Kenner.
Because the construction sought to be enjoined has now been completed, we hold that the issue of whether the injunction was properly denied is now moot. However, as we further find that appellees made no demand for any special damages, we hereby vacate the award for damages and attorney fees. The issue of the validity of the ordinance is not before this court.
The pertinent facts are these. On June 3, 1982, the Kenner City Council passed an ordinance, the effect of which was to adjust certain land use and/or zoning restrictions *1310 to permit construction of a supermarket on a certain parcel of ground. Jaques Lauer and Raymond Locatta thereupon filed suit for declaratory judgment against the City of Kenner, alleging therein that the Council had violated its own rules of publication and parliamentary procedure in enacting the ordinance, and therefore that the ordinance was void. Folmar, Wood and Lambert intervened, and this action is still pending before the trial court.
In the meantime, Folmar was granted building permits by the city, and by October 13th, had commenced construction. On this date, Lauer alone, amended his original petition to seek injunctive relief against Folmar, Wood and Lambert. A temporary restraining order was issued, Lauer posted a $25,000 bond, and a hearing for the preliminary injunction was held on October 20th and 21st. Folmar answered the amended petition by urging a denial of the injunction, and also requested an increase in the bond to two million dollars in the event the preliminary injunction was issued. They did not move to have the temporary restraining order dissolved, nor did they reconvene for damages for wrongful issuance of the temporary restraining order.
The results of this hearing were that the trial court refused to grant the injunction, the temporary restraining order was dissolved, and Lauer was cast in judgment to Folmar for the delay caused by the wrongful issuance of the restraining order. He was also ordered to pay $7,500 in attorney fees to Folmar, Wood, Lambert and the City of Kenner. Lauer now appeals.
Because all litigants in briefs and arguments have extensively addressed questions which are not pertinent to our decision here, we will first dispense with those issues.
The first of these is whether or not the ordinance in question is valid. The simple fact is that there has never been a determination of this issue by the trial court, and there is no final judgment before us which is reviewable, La.C.C.P. Art. 2083. The second is whether or not the trial court erred in denying the preliminary injunction. That issue is now moot. What was sought to be enjoined has now occurred, and we cannot enjoin a past event, Verdun v. Scallon Bros. Contractors, Inc., 263 La. 1073, 270 So.2d 512 (1972).
We appreciate Lauer's argument that:
1.) A determination of the validity of the ordinance might be dispositive of,
2.) Whether the injunction should have been issued and,
3.) Whether the temporary restraining order was wrongfully issued, thus giving rise to damages and attorney fees.
However, our disposition of the case does not require us to take up the first two of these arguments, even were the first before us and the second not moot. Nor do we need to address the third argument as to whether the temporary restraining order was wrongfully issued, as the following discussion will show.
This brings us finally to the issue that is properly before us, i.e. whether Lauer was properly cast in judgment for damages and attorney fees.
Article 861 of the Code of Civil Procedure provides that items of special damages must be specifically alleged in pleadings. Special damages are those which can be fixed to a pecuniary certitude, Anderson v. Welding Testing Lab. Inc., 304 So.2d 351 (La.1974). While Article 862 allows recovery of damages even though not sought, so long as the evidence supports such recovery, this article is not applicable to special damages, Bank of St. Charles v. Ransome, 343 So.2d 1206 (La. App. 4th Cir.1977).
It is also the law that under La.C. C.P., Art. 1154, pleadings may be amended at trial to include special damages not previously alleged by presentation of otherwise inadmissible evidence establishing such damages, and when such evidence is not objected to by the opposing party, Webster v. Rushing, 316 So.2d 111 (La.1975).
Applying these principles to the case before us, we conclude that appellees are not entitled to either damages or attorney fees.
*1311 The damages awarded are clearly "special" in that they represent interest and certain daily on-site costs incurred by Folmar during pendency of the restraining order, and these costs were fixed to a pecuniary certitude. Attorney fees are similarly "special damages", Lanier Business Products, Inc. v. First National Bank of Rayville, 388 So.2d 442 (La.App. 2nd Cir., 1980).
Appellees do not contend, and the record does not show, that they specifically alleged any damages or attorney fees in their pleadings. Indeed, they neither motioned the court to dissolve the temporary restraining order, nor did they reconvene for damages for wrongful issuance of the temporary restraining order, either or both of which actions were available, and both of which would have permitted an award for damages and attorney fees on successful prosecution, C.C.P., Art. 3608.
Therefore, unless the pleadings were amended without objection at trial to include demand for these items, they cannot be recovered.
Our reading of the hearing transcript discloses no such amendment. While it is true that evidence was admitted without objection as to Folmar's daily interest and expenses, we do not consider this evidence to have amended the pleadings because such evidence was admissible on the issue, raised by Folmar in pleadings, namely that of increasing the bond should the preliminary injunction issue. This evidence was pertinent; it therefore could not have been excluded by objection to its introduction, and we hold that its introduction did not work an amendment to the pleadings under C.C.P., Art. 1154. We therefore vacate the award of damages.
As to attorney fees, they were neither pleaded, nor so much as mentioned at the hearing, and we therefore vacate that award for the same reasons.
We finally emphasize that we do not, and need not decide whether the temporary restraining order was wrongfully issued, or whether damages would have been properly awarded had demand been made. What we do decide is simply that when special damages are potentially owing, they must be properly alleged on original or amended pleadings or be tried by tacit consent. Otherwise, the court is without authority to award them.
For the foregoing reasons, the award of damages to Folmar & Associates, Inc. and the award of attorney fees to Folmar, Wood, Lambert, and the City of Kenner are hereby vacated. The question of whether the preliminary injunction was properly denied is declared moot. The question of the validity of the ordinance is still pending in the trial court. It is not properly before this court, and no order therefore need issue from this court in that regard.
AFFIRMED IN PART, VACATED IN PART, AND REMANDED.