600 So.2d 138 (1992)
William C. RICHARDSON, Plaintiff-Appellant,
v.
Terry R. REEVES, Attorney, and John D. Rees, Warden, Defendants-Appellees.
No. 23566-CA.
Court of Appeal of Louisiana, Second Circuit.
May 13, 1992.
William C. Richardson, in pro. per.
Watson, Murchison, Crews, Arthur & Corkern by Ronald E. Corkern, Jr., Natchitoches, for defendants-appellees.
Terry R. Reeves, in pro. per.
Before LINDSAY, HIGHTOWER and STEWART, JJ.
STEWART, Judge.
Plaintiff, William C. Richardson, appeals the entry of a summary judgment which dismissed his claims for injunctive relief due to alleged inadequate access to legal advice and materials during his incarceration at Winn Parish Correctional Center. We affirm.

FACTUAL BACKGROUND
In September 1990, plaintiff, William C. Richardson, filed suit against defendants, John D. Rees and Terry R. Reeves. Rees *139 was the Warden of the Winn Correctional Center in which Richardson was incarcerated, while Reeves was an attorney who had contracted to provide legal services to inmates incarcerated at the Winn Correctional Center. Richardson sought a temporary restraining order and/or a preliminary injunction against defendants for allegedly denying him access to the courts by refusing to provide legal assistance, law books for research, typing paper and other materials.
Although an initial hearing on Richardson's request for injunctive relief was scheduled for November 2, 1990, the hearing was continued because subpoenas for Richardson's prisoner witnesses had not been issued. Before the hearing was rescheduled, Richardson was transferred on November 12, 1990 to the Avoyelles Correctional Center. The next hearing date was set for February 4, 1991. On that date, the defendants filed motions for summary judgment which assert that Richardson lacked standing to seek injunctive relief because he was no longer incarcerated in the Winn Correctional Center, and consequently was not subject to the alleged violations which formed the basis of Richardson's suit for injunctive relief. Less than two weeks later, Richardson filed a motion for leave to amend his petition. Although the motion requested the court to grant Richardson leave to file an amended complaint, no amended complaint accompanied the motion. Instead, an order was attached which, if signed, would simply have allowed Richardson to file an amended complaint in the future. Nevertheless, the motion makes clear that Richardson desired to add a claim for damages in the amount of $1,270,000, and to add a claim for retaliatory transfer. Also filed at that time were: (1) a set of interrogatories; (2) requests for admissions of fact; and (3) requests for production of documents, all directed to defendant, John Rees.
Richardson filed an opposition to the defendants' motions for summary judgment in March 1991. The opposition essentially consisted of an argument that summary judgment should not be granted because plaintiff should be given an opportunity to amend his original petition to include a claim for damages and a claim for retaliatory transfer. The opposition was accompanied by Richardson's affidavit which asserted that his transfer was in retaliation for the pending action for injunctive relief.
The trial court did not sign Richardson's proposed order which would have allowed amendment of the petition for injunctive relief. Instead, the order was returned to the clerk of court on April 17, 1991, unsigned and without explanation. Subsequently, the trial court granted the defendants' motions for summary judgment on July 18, 1991. Richardson devolutively appeals the grant of summary judgment. In his assignments of error, he asserts that the trial court abused its discretion by (1) granting summary judgment; (2) refusing to grant his motion for leave to amend the petition; (3) refusing to issue orders for writs of habeas corpus ad testificandum to secure the presence of prisoner witnesses; and (4) refusing to rule on his motion for discovery and to give binding effect of admissions in support of his objections to summary judgment. We disagree.

DISCUSSION
On September 20, 1990, plaintiff instituted this suit via a motion for temporary restraining order and/or preliminary injunction. His motion requested that defendants be enjoined from denying him access to, and ordered to provide, legal assistance, books, and materials. On February 4, 1991 when defendants moved for summary judgment, this was the essence of plaintiff's claim. The trial court gave plaintiff two weeks to respond to the motions and, although plaintiff made other filings and requests after the motions for summary judgment, the trial court subsequently granted defendants' motions.
Plaintiff argues that the summary judgments should not have been granted because his transfer constituted misrepresentation, fraud and violation of his constitutional right against retaliation on the part of defendants. Defendants, on the other hand, contend that, upon the transfer of *140 plaintiff from Winn Correctional Center to Avoyelles Correctional Center, the issues raised became moot and plaintiff was without standing to assert the allegations presented to the trial court.
A plaintiff must have a real and actual interest in the action asserted. LSA-C.C.P. art. 681. "In order to have standing, a plaintiff must show an interest in the litigation peculiar to him personally and separate and distinct from that of the general public." Bruneau v. Edwards, 517 So.2d 818, 821 (La.App. 1st Cir.1987), citing League of Women Voters of New Orleans v. City of New Orleans, 381 So.2d 441 (La.1980); and Schaefer v. Treen, 444 So.2d 188 (La.App. 1st Cir.1983), writ denied, 446 So.2d 315 (La.1984). Standing requires that the plaintiff have an adequate interest in himself, which the law recognizes, against a defendant having a substantial adverse interest. Smith v. Parish of East Baton Rouge, 509 So.2d 24, 28 (La.App. 1st Cir.1987), writ granted and remanded 510 So.2d 1 (La.1987), appeal after remand 515 So.2d 632 (La.App. 1st Cir. 1987), writ denied 515 So.2d 1100 (La.1987).
Courts require that cases submitted for adjudication be justiciable, ripe for decision, and not brought prematurely. St. Charles Parish School Board v. GAF Corp., 512 So.2d 1165, 1171 (La.1987). In Verdun v. Scallon Brothers Contractors, Inc., 263 La. 1073, 270 So.2d 512, 513, 263 La. 1073 (1972), our supreme court stated that it "... will not review a case where only injunctive relief is sought when the need for that relief has ceased to be a justiciable issue."
Standing is a concept utilized to determine if a party is sufficiently affected so as to ensure that a justiciable controversy is presented to the court. The requirement of standing is satisfied if it can be said that the plaintiff has a legally protectible and tangible interest at stake in the litigation.
Guidry v. Roberts, 331 So.2d 44, 47 (La. App. 1st Cir.1976), affirmed in part, and reversed in part on other grounds, 335 So.2d 438 (La.1976). The Louisiana supreme court has defined a justiciable controversy as follows:
A "justiciable controversy" connotes an existing actual and substantial dispute, as distinguished from one that is merely hypothetical or abstract, and a dispute which involves the legal relations of the parties who have real adverse interest, and upon which the judgment of the court may effectively operate through a decree of conclusive character. [citations omitted]
A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. [citations omitted] If the case is moot, "there is no subject matter on which the judgment of the court can operate". Ex parte Baez, 177 U.S. 378, 390, 20 S.Ct. 673, 677, 44 L.Ed. 813 (1900). For these purposes a "moot" question connotes an issue that has been "deprived of practical significance" or "made abstract or purely academic." Webster's Third New International Dictionary, Unabridged (1976).
St. Charles Parish School Board, supra, 512 So.2d at 1171.
In Rhodes v. Bureau of Prisons, 477 F.2d 347 (5th Cir.1973), a federal prisoner incarcerated in Texarkana, Texas filed a complaint seeking an injunction in connection with an alleged interference with his mail and his right to communicate with the courts. The prisoner subsequently was transferred to another facility, and then filed an amended complaint seeking damages in connection with the alleged wrongdoings. The Fifth Circuit held that while the transfer did not affect the prisoner's standing to seek damages, the transfer did render the claim for injunctive relief moot.
*141 Similarly, in Culp v. Martin, 471 F.2d 814 (5th Cir.1973), three federal prisoners filed suit for injunctive relief and damages in connection with their allegation that conditions at a county jail were so substandard as to constitute cruel and unusual punishment. The district court denied the prisoners' motion to proceed in forma pauperis, finding that the controversy was moot as the result of the prisoners' being moved to a penitentiary in Atlanta, Georgia. The Fifth Circuit held that the prisoners' claims for damages were still viable, but stated that they clearly lacked standing to seek injunctive relief with respect to the alleged conditions in the county jail.
In the instant case, the trial court granted the defendants' motions for summary judgment which were aimed solely at plaintiff's standing to seek injunctive relief. Plaintiff had requested the issuance of a writ of injunction to obtain access to legal information and materials with which to assert his various claims pro se. His complaint was that, while incarcerated at Winn Correctional Center, he had been denied access to proper library materials, paper, typewriter, and legal advice. In November 1990, plaintiff was transferred to Avoyelles Correctional Center to serve the remainder of his sentence.
Defendants' motions for summary judgment were narrowly targeted toward the legal issue of whether, once plaintiff ceased to be incarcerated at Winn Correctional Center, he also ceased to have standing in this suit for injunctive relief. Neither the motions for summary judgment, nor the judgment rendered in favor of defendants, addressed the merits of plaintiff's complaint.
We find that, upon his transfer to Avoyelles Correctional Center, plaintiff's need for injunctive relief associated with his treatment at Winn Correctional Center ceased to be a justiciable issue. Injunction may be used to prevent but not to correct a wrong; it cannot be employed to redress an alleged consummated wrong. Verdun, supra. Although the trial court gave no written reasons for granting summary judgment, under the circumstances it appears that the trial court correctly concluded plaintiff's request for injunctive relief was moot as a result of his transfer to another correctional facility. Because plaintiff was no longer incarcerated at the Winn Correctional Center at the time the motions for summary judgment were decided, we conclude that, as a matter of law, plaintiff no longer had standing to pursue the claim for injunctive relief presented to the trial court.
Less than two weeks after defendants moved for summary judgment, plaintiff requested leave to (1) amend his complaint to seek monetary damages, and (2) add the claim of retaliatory transfer. The motion was not accompanied by an amended complaint and was returned to the clerk unsigned. Plaintiff asserts that the trial court erred in refusing to grant his motion for leave to amend his complaint.
Once the trial court granted the motions for summary judgment based upon the original pleadings, the question of amending or supplementing the complaint became moot. The trial court was not obligated to rule on plaintiff's motion for leave to amend, prior to ruling on defendants' motions for summary judgment. See, e.g., LSA-C.C.P. arts. 1151, 1155 and 1915. Because dismissal of the instant lawsuit does not prevent plaintiff from filing a subsequent lawsuit for damages arising from either the allegations of the instant suit, or from the proposed allegations of retaliatory transfer, we find no error by the trial court with respect to the motion for leave to amend the petition.
The trial court was faced with several motions from plaintiff and defendants. By granting summary judgment in favor of defendants, the trial court addressed only the legal issue of plaintiff's standing to seek injunctive relief, rather than the merits of the case. Because there was no longer a justiciable controversy before the trial court, we affirm the trial court judgment. The narrow issue presented herein does not require us to reach the merits of the remaining assignments, and our decision on this legal issue does not prevent *142 plaintiff from seeking any relief to which he may be entitled.

CONCLUSION
For the reasons set forth above, we find no error in the trial court's grant of summary judgment in favor of defendants with respect to plaintiff's standing to seek injunctive relief. The judgment of the trial court is affirmed without prejudice to the assertion by plaintiff of whatever other legal rights he may have.
AFFIRMED.