ItWALTZER, Judge.
Defendant seeks supervisory review of a trial court judgment denying its exception of no cause of action.

STATEMENT OF THE CASE

Plaintiff Sylvia Butte seeks a preliminary injunction directing various defendants to “fulfill their obligations to plaintiff’ in her HUD-financed renovation of residential property. Plaintiff alleged that defendant Johnson, a building inspector, falsely certified that defendant Lawrence completed certain work. Defendant Johnson filed an exception of no cause of action claiming that he owed no duty to plaintiff as a building inspector. Following a hearing, the trial court overruled the exception on 1 October 1998.

DISCUSSION

Disposition of this writ application in relator’s favor would terminate the litigation against him.
In MD Care, Inc. v. Angelo, 95-2361, 95-2362 (La.App. 4 Cir. 3/20/96), 672 So.2d 969, this court set forth the applicable law on the exception of no cause of action as follows:
The exception of no cause of action tests the legal sufficiency of the petition, and the court must determine ^whether the law affords a remedy for the particular harm alleged. Well-pleaded facts are accepted as true. The petition must set forth the ultimate facts upon which a cause of action is based, and conclusions of law or fact are not considered. No evidence may be admitted to support or controvert the exception. If the petition states a cause of action on any ground or theory of recovery arising from the same transaction or occurrence, the exception should be overruled. (Citations omitted.)
95_2361j 95_2362; 6?2 go-2d at m
Plaintiff alleged in her petition that:
Defendant John Johnson, is, upon information and belief, an independent contractor of Gilyot Mortgage Company responsible for the inspection and monitoring of construction projects for the rehabilitation of homes under the 203(k) Program.
Plaintiff alleged that defendant Lawrence, the contractor, submitted three draw requests to Gilyot, which Johnson approved. Plaintiff alleged that the work Johnson approved, as completed for purposes of the draw requests had, in fact, not been completed as represented. Plaintiff alleged that Johnson failed to go onto the roof or the upper floors of the property to determine whether roofing work was progressing or was complete, before approving the particular draw requests relating to the roof and upper floors. Plaintiff alleged that Johnson is liable for omissions and commissions resulting in breach of contract and that Gilyot is liable for its negligence in selecting Johnson to inspect the project. Plaintiff prayed:
1. That defendants’ [sic] be duly ordered to show cause on a day and at an hour to be fixed by this Court, why a preliminary injunction should not be issued herein; that after due proceedings had, there be judgment herein issuing a preliminary injunction be ^issued [sic] directing defendants to fulfill their obligations to plaintiff under the contract and in the capacity of a HUD approved mortgagee and a HUD approved inspector.
Although denominated number “1.”, this was plaintiffs only prayer for relief. Therefore, the dispositive issue is whether plaintiff asserted a cause of action for the issuance of a preliminary injunction directing Johnson to fulfill his obligation to plaintiff in his capacity as “a HUD approved inspector.”
La. C.C.P. art. 3601 provides in pertinent part:
*252 An injunction shall issue in 'cases where irreparable injury, loss, or damage may otherwise result to the applicant,....
In HCNO Services v. Secure Computing Systems Inc., 96-1693 (La.App. 4 Cir. 4/23/97); 693 So.2d 835, writ denied, 97-1353 (La.9/5/97), 700 So.2d 513, this court stated:
Because injunction is a harsh, drastic and extraordinary remedy, it should issue only if the applicant is threatened with irreparable loss without adequate remedy at law. Irreparable injury means the applicant cannot be adequately compensated in money damages for his injury or suffers injuries which cannot be measured by pecuniary standards. If, however, the judgment would be valueless because of insolvency of the judgment debtor or other reasons, injunctive relief may be proper, (citations omitted)
96-1693; 693 So.2d at 842. An injunction can order the doing of something, a “mandatory” injunction. Denta-Max v. Maxicare Louisiana, Inc., 95-2128 (La.App. 4 Cir. 3/14/96); 671 So.2d 995, 997. An injunction “cannot be employed to redress an alleged consummated wrong or undo what has already been done.” Verdun v. Scallon Bros. Contractors, Inc., 263 La. 1073, 270 So.2d 512, 513 (La.1972); see also Doré v. Jefferson Guaranty Bank, 543 So.2d 560, 562 (La.App. 4 Cir.1989).
Plaintiff has no cause of action to remedy past acts by Johnson through a petition for preliminary injunction. Verdun, supra; Doré, supra. Both assuming that Johnson owes a duty to plaintiff, and construing the petition in a light most favorable to plaintiff, plaintiffs allegation that she will suffer “irreparable harm” is eonclusory, and, thus, she has not set forth the ultimate facts upon which her cause of action for preliminary injunction is based. Plaintiff has failed to allege that she would have no remedy at law for Johnson’s failure to perform in the future his obligations as a “HUD approved inspector”; that she could not be adequately compensated in money damages for any injury sustained by her as a result of such failure to perform; or that she will suffer any injury which cannot be measured by pecuniary standards as a result of-such failure to perform. Nor has plaintiff alleged that any money judgment against Johnson for breach of such obligation would be worthless due to Johnson’s insolvency or other reason.
Therefore, plaintiff has failed to allege facts sufficient to state a cause of action for the issuance of a mandatory preliminary injunction ordering Johnson to fulfill his obligations as “a HUD approved inspector.”
Moreover, although we do not believe that lack of privity precludes a duty by Johnson to plaintiff, Johnson’s duties to inspect derive from his contract with the mortgage company. The contractor submits a draw request to the mortgage company; the mortgage company then directs Johnson to inspect the construction work on plaintiffs property. Plaintiff has no cause of action for a mandatory preliminary injunction ordering Johnson to inspect, absent some direction from the mortgage company. To the extent plaintiff seeks such injunctive relief to border Johnson to perform the inspections in a particular fashion, i.e., competently, this is not a proper subject for a mandatory preliminary injunction.

CONCLUSION

For the foregoing reasons, relator’s writ application is granted. The judgment of the trial court is reversed. Relator’s exception of no cause of action is maintained, and plaintiffs suit against him for injunctive relief is dismissed.

WRIT GRANTED; JUDGMENT OF THE TRIAL COURT REVERSED.