LOVE, J.,
Concurs and Assigns Reasons.
hi concur in the majority result. I write separately to address Respondents’ failure to establish an irreparable harm sufficient *669 to support the entry of a preliminary injunction and the grant of injunctive relief to address past acts.
To prevail on a motion for preliminary injunction, the movant is required to establish by prima facie evidence that: (1) the injury, loss, or damage it will suffer if the injunction is not issued may be irreparable; (2) it is entitled to the relief sought; and (3) it will likely prevail on the merits of the case. Hall v. Fertility Institute of New Orleans, 94-1135, p. 4 (La.App. 4 Cir. 12/15/94), 647 So.2d 1348, 1351. The jurisprudence interpreting La.Code Civ. Proc. art. 3601 establishes that, while the trial court has broad discretion in deciding whether to grant injunctive relief, injunction is an extraordinary remedy and should only issue where the party seeking it is threatened with irreparable loss without adequate remedy at law. Jim Walter Homes, Inc. v. Jessen, 98-1685 (La.App. 3 Cir. 3/31/99), 732 So.2d 699; Oestreicher v. Hackett, 94-2573 (La.App. 4 Cir. 5/16/95), 660 So.2d 29.
In A to Z Paper Company, Inc v. Carlo Ditto, Inc., 98-1417 (La.App. 4th Cir.9/9/98), 720 So.2d 703, this Court affirmed the denial of a preliminary | ¡.injunction sought by businesses to enjoin the proposed construction of a cement facility. We found that “since the facility was not operational at the time the affidavits were secured, there could have been no direct evidence of damage caused by the emissions since the nature and amount of emissions, if any, could not then be determined.” Id. We stated “plaintiffs seek to forestall construction pursuant to a building permit where there is and, as the trial court doubtless recognized, can be no showing of non-speculative damage.” Id. This Court affirmed the trial court’s finding that affidavits submitted in support of preliminary injunctive relief were insufficient to prove irreparable harm and remanded for trial on the merits. Id.
In like manner, I find Respondents’ allegations of irreparable harm speculative. Respondents alleged irreparable harm and submitted affidavits in support of their motion for injunction, arguing that the emails contain attorney work product and privileged attorney-client communications concerning pending litigation involving the City of New Orleans and the City Council of New Orleans. Respondents state in their opposition that at the time of filing, they had no record or knowledge of what was produced to Relator. However, Respondents were the original creator and recipient of e-mails they argue are “privileged, exempt, or non-public,” yet Respondents failed to present specific facts or examples to support this allegation. Arguments are not evidence. Law Offices of Robert M. Becnel v. Ancale, 00-295 (La.App. 5 Cir. 9/26/00), 769 So.2d 761, 766. I therefore find that Respondents failed to prove that they would suffer irreparable injury should an injunction not issue in the matter sub judice.
The act sought to be restrained by the preliminary injunction in the instant matter is the further dissemination of e-mails, and Respondents sought retrieval of emails that were in the public domain for greater than three months. The primary purpose of injunctive relief is to prevent the occurrence of future acts that may 1 ¡¡result in irreparable injury, loss or damage to the applicant. La.Code Civ. Proc. art. 3601. “Undoing past acts is not the proper subject of a preliminary injunction.” Limousine Livery, Ltd. v. A Airport Limousine Serv., L.L.C., 07-1379, p. 9 (La.App. 4 Cir. 3/12/08), 980 So.2d 780, 786. “An injunction cannot be used to correct a ‘consummated wrong’ or enjoin a ‘fait accompli.’ ” Id. (quoting Bristol Steel and Iron Works, Inc. v. State, Dep’t of *670 Transp, and Dev., 507 So.2d 1233, 1235 (La.1987); Verdun v. Scallon Bros. Contractors, Inc., 263 La. 1073, 1078, 270 So.2d 512, 513 (1972)). I find the grant of injunctive relief under the instant facts was not only to prevent future acts but past acts as well.