| SUCCESSION OF ABNER L. TRITT | * | NO. 2021-CA-0245 |
|---|---|---|
| | * | |
| VERSUS | * | COURT OF APPEAL |
| | * | |
| SOUTH JOHNSON STREET HOLDINGS, LLC | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-01678, DIVISION "E"
Honorable Omar Mason, Judge
\* \* \* \* \* \*
**JUDGE SANDRA CABRINA JENKINS**
\* \* \* \* \* \*

(Court composed of Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins, Judge Regina Bartholomew-Woods)

Peter S. Title
Jack M. Alltmont
SESSIONS FISHMAN NATHAN & ISRAEL, L.L.P.
400 Poydras Street, Suite 2550
New Orleans, LA 70130

    COUNSEL FOR PLAINTIFF/APPELLEE

DaShawn P. Hayes
THE HAYES LAW FIRM, PLC
1100 Poydras Street
Suite 1530
New Orleans, LA 70163

    COUNSEL FOR DEFENDANT/APPELLANT

**MOTION TO DISMISS APPEAL GRANTED; APPEAL DISMISSED**
**FEBRUARY 3, 2022**

*SCJ*
*RML*
*RBW*

This appeal arises from an executory proceeding. South Johnson Holdings, LLC ("South Johnson") appeals the trial court's November 24, 2020 judgment denying its request for a preliminary injunction as moot, and sustaining the peremptory exception of no cause of action filed by the Succession of Abner L. Tritt (the "Succession"). While this appeal was pending, the Succession filed a Motion to Dismiss Appeal, arguing that the appeal should be dismissed as moot. For the reasons that follow, we grant the Motion to Dismiss and dismiss the appeal as moot.

**FACTUAL AND PROCEDURAL HISTORY**

On February 19, 2020, the Succession filed a petition for executory process, naming South Johnson as the defendant. The Succession alleged that it was the present holder and owner of a $300,000.00 promissory note executed by South Johnson and Gerard P. McGovern, jointly, severally and in solido, payable to the order of Abner L. Tritt and any future holders of the promissory note. The promissory note was secured by an act or mortgage on property located at 6332 South Johnson Street, New Orleans, Louisiana.

1

On February 19, 2020, the trial court ordered the issuance of a writ of seizure and sale. The Orleans Parish Sheriff's Office made several attempts to serve the writ of seizure and sale to South Johnson through its registered agent, Gerard P. McGovern.

On May 18, 2020, the Succession filed a motion to appoint a private process server. After unsuccessful service attempts by the private process server, the Succession filed a supplemental petition to authorize service of process upon the Louisiana Secretary of State and for the appointment of an attorney to represent the absent defendant. The trial court appointed Gerald Calogero ("Mr. Calogero") as curator. On September 11, 2020, a writ of seizure and sale was served upon the Louisiana Secretary of State; and the curator was served on October 9, 2020. After fulfilling his duties as curator and attempting to contact South Johnson, Mr. Calogero filed a motion to withdraw as curator.

On November 13, 2020, South Johnson filed a petition for temporary restraining order, preliminary injunction, and permanent injunction to arrest the sheriff's sale of the property. The property was sold on November 19, 2020. On November 23, 2020, the Succession filed an exception of no cause of action.

On November 24, 2020, the trial court denied as moot, South Johnson's petition for temporary restraining order, preliminary injunction, and permanent injunction to arrest the sheriff sale of the property, and sustained the Succession's exception of no cause of action.

This appeal followed, to which the Succession filed a motion to dismiss the appeal.

*Motion to Dismiss*

2

"'It is well established that appellate courts will not render advisory opinions from which no practical results can follow.'" *Enmon Enterprises, LLC v. City of New Orleans ex rel. New Orleans Aviation Bd.*, 2015-0763, p. 2 (La. App. 4 Cir. 5/4/16), 194 So.3d 709, 711(quoting *Whitney Nat. Bank of New Orleans v. Poydras Ctr. Associates*, 468 So.2d 1246, 1248 (La. App. 4 Cir.1985)).

In *Fidelity Bank v. Succession of Dowden*, 2020-0241, p. 7 (La. App. 4 Cir. 10/7/20), --- So.3d. ----, ----, 2020 WL 5939215, *4, this Court dismissed an appeal as moot because the property was sold before the appellant took his appeal. The Court noted, "it is now impossible for this Court to grant injunctive relief or stay the sale of the property, and no judgment that this Court could render on the merits of the appeal can be made effective." *Id.* The Court further noted that an "'[i]njunction may be used to prevent but not to correct the wrong; it cannot be employed to redress an alleged consummated wrong or undo what has already been done.'" *Fidelity Bank*, 2020-0241, p. 7, 2020 WL 5939215, *3 (quoting *Verdun v. Scallon Brothers Contractors, Inc.*, 263 La. 1073, 1078, 270 So.2d 512, 513 (1972)).

South Johnson's petition for injunctive relief sought to arrest the seizure and sale of the property, in accordance to La. C.C.P. art. 2642(A).[1] However, the property was sold on November 19, 2020, before South Johnson took this instant appeal. As such, the action cannot be enjoined. "'[N]o order issued by this court on an appeal from a preliminary injunction could act to stop what has already been accomplished.'" *Jackson*, 2015–0505, p. 4, 182 So.3d at 1121 (quoting *City Stores*

---

[1] La. C.C.P. art. 2642(A) provides that a defendant in an executory proceeding may seek an injunction from the trial court to halt the seizure and sale of property by executory process.

*v. Gervais F. Favrot Co., Inc.*, 315 So.2d 370, 372). Appellant's appeal is therefore dismissed as moot.

**MOTION TO DISMISS APPEAL GRANTED; APPEAL DISMISSED**